# United States Court of Appeals for the Federal Circuit

2006-1309
(Serial No. 75/530,795)

IN RE REED ELSEVIER PROPERTIES INC.

J. Paul Williamson, Fulbright & Jaworski L.L.P., of Washington, DC, argued for appellant.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the director of the USPTO. With him on the brief were Janet A. Gongola and Nancy C. Slutter, Associate Solicitors. Of counsel was Linda M. Isacson.

Appealed from: United States Patent and Trademark Office, Trademark Trial
and Appeal Board

IN RE REED ELSEVIER PROPERTIES INC.

_____

DECIDED:    April 12, 2007
_____

Before MAYER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

Reed Elsevier Properties Inc. ("Reed") appeals the decision of the United States Patent and Trademark Office ("PTO"), Trademark Trial and Appeal Board, denying registration of its mark LAWYERS.COM for providing an online interactive database featuring information exchange in the fields of law, legal news, and legal services. <u>In re Reed Elsevier Props. Inc.</u>, 77 U.S.P.Q. 2d 1649 (TTAB 2005) ("<u>Board Opinion</u>"). Because the board did not err in finding Reed's mark generic, we affirm.

<u>Background</u>

Through its Martindale-Hubbell division, Reed operates the website <u>www.lawyers.com</u>. Prominently displayed on the home page are links and interactive features allowing a user to "find a lawyer," "ask a lawyer," "contact a lawyer," and

"research legal information." Within the "research legal information" page, there are links to articles such as "do I really need a lawyer?," "selecting a lawyer," and "lawyers' and clients' responsibilities to each other." In addition to these features which assist users to find and contact lawyers, the website provides "legal news headlines," basic information about legal practice areas, and community message boards where users can ask or answer legal questions.

Reed first used its mark in commerce on July 30, 1998, and filed an application soon thereafter to register LAWYERS.COM (standard character form) in Class 42 for services identified as "[p]roviding access to an online interactive database featuring information exchange in the fields of law, lawyers, legal news, and legal services." Serial No. 75530795. After evaluating Reed's evidence purporting to establish that its mark had acquired distinctiveness, the examining attorney refused registration on the ground that LAWYERS.COM was generic and unregisterable. Reed responded by deleting the word "lawyer" from its application, and sought registration on the supplemental register. After further prosecution, the examining attorney issued a final refusal based on genericness.

Reed then appealed to the board, and it affirmed the examining attorney's refusal. The board found the genus of services provided to be "a web site with a database of information covering the identified topics of law, legal news and legal services and that a central and inextricably intertwined element of that genus is information about lawyers and information from lawyers." Board Opinion, slip op. at 21. It found the relevant public to include "lawyers who may be seeking legal information or who may be seeking other lawyers to whom they may refer clients," and "laypersons

that may be seeking legal information, legal representation, or referrals." Id. at 22. It then determined that the relevant public "would readily understand the term to identify a commercial web site providing access to and information about lawyers." Id. Moreover, it found that "[s]ome members of the relevant public would think of a web site that would provide information about lawyers, including their specialties, contact information, and the like." Id. at 22-23. Given the congruency between the genus of services that Reed sought to identify with its mark and the nature of the relevant public's understanding of the services its mark evokes, the board found LAWYERS.COM generic. Reed appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## Discussion

Under the Lanham Act, 15 U.S.C. § 1052(e), the PTO may not register marks that are merely descriptive and incapable of designating source. Whether a mark is generic is a question of fact that we review for substantial evidence. In re Dial-A-Mattress Operating Corp., 240 F.3d 1341, 1344 (Fed. Cir. 2001).

The genericness inquiry is made according to a two-part test: "First, what is the genus of goods or services at issue? Second, is the term sought to be registered . . . understood by the relevant public primarily to refer to that genus of goods or services?" H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc., 782 F.2d 987, 990 (Fed. Cir. 1986). The PTO bears the burden of proving a mark generic. In re The Am. Fertility Soc'y, 188 F.3d 1341, 1345 (Fed. Cir. 1999). In so doing, any competent source suffices to show the relevant public's understanding of a contested term, including purchaser testimony, consumer surveys, dictionary definitions, trade journals, newspapers, and other publications. In re Merrill Lynch, Pierce, Fenner & Smith, Inc.,

2006-1309                                3

828 F.2d 1567, 1570 (Fed. Cir. 1987). Bearing these principles in mind, it is abundantly clear that LAWYERS.COM is generic for the services identified in Reed's application.

Reed's principal arguments are that the board improperly considered all of the services offered on www.lawyers.com in defining the genus of services at issue, rather than focusing only on the services identified in its application; and that the board's conclusion that "a central and inextricably intertwined element of [the claimed] genus is information about lawyers and information from lawyers" is not supported by substantial evidence. Both contentions are without merit.

Reed's own assertions illustrate the fundamental flaw in its position. It argues here that "the services recited in the application [i.e., information exchange concerning the law, legal news, and legal services] were discrete from those excluded during prosecution [i.e., information exchange concerning lawyers]." Along the same lines, it contended before the board that it "is not seeking to register its mark LAWYERS.COM for selling lawyers or offering services of lawyers, but for the more limited services now covered by its application [e.g., information exchange concerning legal services]." Board Opinion, slip op. at 24 (emphasis added). However, as Reed and Martindale-Hubbard should know, for better or worse, lawyers are necessarily an integral part of the information exchange about legal services.

In determining the meaning of "information exchange about legal services" as defined by Reed's application, the board appropriately reviewed the www.lawyers.com website for context, to inform its understanding of the term. See In re Steelbuilding.com, 415 F.3d 1293, 1298 (Fed. Cir. 2005) (examining the subject website in order to understand the meaning of terms for which coverage was sought and

2006-1309                                    4

thereby define the genus of covered services). It did not, as Reed contends, define the genus of covered services by directly (and improperly) incorporating non-claimed services, also present on Reed's website, into the scope of the genus that it defined. In fact, looking to Reed's website makes clear that an integral, if not the paramount, aspect of "information exchange about legal services" as Reed defines it concerns identifying and helping people to select lawyers. This is amply demonstrated by the ubiquitous nature of the "search for lawyers" and "find a lawyer" functions both on web pages providing information about legal services generally and on pages providing information about specific legal practice areas.

The same is true for information exchange about the law and legal news. In its services relating to legal news, lawyers, not surprisingly, are a focus. Indeed, the "legal news headlines archive" includes stories focusing on lawyers and their work. Moreover, under "related links," articles are included such as "do I really need a lawyer?" and "selecting a lawyer." With respect to information exchange about the law, Reed's homepage features a section entitled "discuss legal issues," and included in this feature is a "chat with lawyers" forum. Therefore, contrary to its contention, information exchange about lawyers is not at all discrete from information exchange about the law, legal news, and legal services, as illuminated and defined by Reed's website. In fact, as the board found and substantial evidence supports, they are "inextricably intertwined." Accordingly, the board's genus determination was proper.

With respect to the board's determination of what services the relevant public would understand LAWYERS.COM to identify, Reed does not take issue with its finding that the relevant public "would readily understand the term to identify a commercial web

site providing access to and information about lawyers." Instead, it merely reargues that information about lawyers and providing information to assist in contacting lawyers is discrete from information about the law, legal news, and legal services. This contention is of no moment, because, as set out above, in the context of Reed's website these services are not discrete. Moreover, in determining what the relevant public would understand LAWYERS.COM to mean, the board considered eight websites containing "lawyer.com" or "lawyers.com" in the domain name, e.g., www.massachusetts-lawyers.com, www.truckerlawyers.com, and www.medialawyer.com. It discussed the services provided by these websites in order to illuminate what services the relevant public would understand a website operating under Reed's mark to provide. These websites are competent sources under In re Merrill Lynch, 828 F.2d at 1570, and they provide substantial evidence to support the board's finding.

## Conclusion

Accordingly, the decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board is affirmed.

## AFFIRMED