Hearing:
August 5, 2009

**THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.**

Mailed:
November 4, 2009

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

In re Tires, Tires, Tires, Inc.

_____

Serial No. 77091459

_____

Janet E. Phipps Burkhead of McKee, Voorhees & Sease, P.L.C. for Tires, Tires, Tires, Inc.

Timothy J. Finnegan, Trademark Examining Attorney, Law Office 104 (Chris Doninger, Managing Attorney).

_____

Before Rogers, Drost and Zervas, Administrative Trademark Judges.

Opinion by Zervas, Administrative Trademark Judge:

Tires, Tires, Tires, Inc. has applied to register the designation TIRES TIRES TIRES (in standard character form) for services identified as "retail tire store[s]" in International Class 35.[1]

Registration was first refused under Section 2(e)(1) of the Trademark Act, 15 U.S.C. §1052(e)(1), on the basis

_____

[1] Application Serial No. 77091459, filed January 25, 2007, claiming first use anywhere and first use in commerce on October 28, 1986.

that applicant's proposed mark is merely descriptive of applicant's services. In its response to the initial Office action, applicant amended its application to seek registration under the provisions of Trademark Act § 2(f), 15 U.S.C. § 1052(f), and submitted a declaration attesting to use of its proposed mark in commerce for at least the five years immediately before the date of the declaration. The examining attorney was not persuaded by applicant's showing of acquired distinctiveness, even when applicant supplemented its initial showing based on the declaration, eventually finding TIRES TIRES TIRES generic and incapable of serving as a source-identifier. In his final Office action, the examining attorney refused registration under Section 2(e)(1) maintaining either (a) TIRES TIRES TIRES is generic,[2] or (b) TIRES TIRES TIRES is merely descriptive and applicant's Section 2(f) showing is insufficient.

Applicant has appealed the examining attorney's final refusal to the Board. Both applicant and the examining attorney have filed briefs and the Board conducted a hearing on August 5, 2009. We affirm the refusal to register on both grounds.

---

[2] Even though the refusal is under Section 2(e)(1), genericness is an issue in this case because applicant has amended its application to seek registration under Section 2(f) and the examining attorney has raised the issue of genericness. See TMEP § 1209.02.

## Genericness

The Court of Appeals for the Federal Circuit, our primary reviewing court, has stated that "[t]he critical issue in genericness cases is whether members of the relevant public primarily use or understand the term sought to be protected to refer to the genus of goods or services in question." *H. Marvin Ginn Corp. v. Int'l Association of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528, 530 (Fed. Cir. 1986). *Ginn* explains that:

> Determining whether a mark is generic … involves a two-step inquiry: First, what is the genus of goods or services at issue? Second, is the term sought to be registered or retained on the register understood by the relevant public primarily to refer to that genus of goods or services?

*Id*. In an appeal, the Office bears the burden of establishing genericness based on clear evidence of generic use. *In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999).

## Genus of applicant's services

Applicant's services are identified as "retail tire stores." We accept this identification as identifying the genus of services, which is the genus advocated by applicant. See brief pp. 5 – 6.

3

The relevant public for applicant's services

The specimen of use states "YOUR FAMILY CAR CARE CENTER." (Underlining and capitalization in original.) The services are suited to the public at large. We therefore conclude that the relevant public for applicant's services is substantially composed of members of the general public who own vehicles.

The meaning of TIRES TIRES TIRES to the relevant public

We now consider whether members of the relevant public would understand TIRES TIRES TIRES to refer to the genus of the services. *Marvin Ginn*, 228 USPQ at 530. Evidence of the relevant public's understanding of a term may be obtained from any competent source including consumer surveys, dictionary definitions, newspapers and other publications. See *In re Reed Elsevier Properties Inc.*, 482 F.3d 1376, 82 USPQ2d 1378 (Fed. Cir. 2007). We have considered, as we must, all the evidence of record including the evidence applicant has submitted in support of its claim of acquired distinctiveness. See *In re Recorded Books Inc.*, 42 USPQ2d 1275 (TTAB 1997).

One preliminary issue raised by applicant, however, warrants our consideration. Applicant maintains that TIRES TIRES TIRES is a unitary phrase and that the examining attorney must provide evidence of use of TIRES TIRES TIRES

as a whole. Applicant cites to *American Fertility* where the Federal Circuit stated that in the context of a mark consisting of a phrase, "[t]he Board must … apply the *Marvin Ginn* test to the phrase as a whole, and not focus only on the individual terms." *American Fertility*, 51 USPQ2d at 1837. As further explained in *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807, 1810 (Fed. Cir. 2001):

> [W]here the proposed mark is a phrase (such as "Society for Reproductive Medicine"), the board "cannot simply cite definitions and generic uses of the constituent terms of a mark"; it must conduct an inquiry into "the meaning of the disputed phrase as a whole."

Thus, says applicant, because the examining attorney has only offered web pages showing use of the singular term "tires," and evidence that words considered individually may be generic is not sufficient to prove that a phrase is generic, the examining attorney has not demonstrated that the phrase "tires tires tires" has been used in a generic sense.

The examining attorney disagrees and maintains that the Office's burden is only to demonstrate that "tires" is generic for applicant's services. According to the examining attorney, the "repetition of a merely descriptive or generic word does not negate the mere descriptiveness of

the mark as a whole." Brief at unnumbered pp. 4 – 5. The examining attorney cites to two Board decisions which found that repeated wording is unregistrable as a whole under Section 2(e)(1). One decision is *In re Litehouse Inc.*, 82 USPQ2d 1471 (TTAB 2007), where the Board found CAESAR!CAESAR! for salad dressing not unitary, and stated that "neither the mere repetition of the word CAESAR in applicant's mark, nor the presence of the exclamation points in the mark, nor both of these features combined, suffices to negate the mere descriptiveness of the mark as a whole as applied to salad dressings." *Id*. at 1474. The other decision is *In re Disc Jockeys, Inc.*, 23 USPQ2d 1715 (TTAB 1992), where the Board found DJDJ to be merely descriptive of disc jockey services, and explained that "the combinations of these words [DJ] would not, simply because of their repetition, be rendered something more than descriptive." *Id*. at 1716. The Board noted that "[n]othing new or different is imparted by the simple repetition of the descriptive expression DJ"; and commented that:

> There is nothing in the composite which changes the meaning of the letters in any manner which would give them a different meaning. If one were to express the view that milk was "creamy creamy" or that a red bicycle was "red red" or that a razor was "sharp sharp," the repetition of the words "creamy," "red" and "sharp" would be

6

> understood as emphasis and the combinations of these words would not, simply because of their repetition, be rendered something more than descriptive.

*Id.*

We too disagree with applicant's argument that the examining attorney must establish that TIRES TIRES TIRES per se has been used by others in order to find the designation generic. Applicant's argument implies that a generic term would be rendered non-generic simply by repeating the term. There is no valid reason to require an examining attorney to demonstrate that a designation composed solely of a repeating word has been used by others, when the examining attorney has demonstrated that the repeated term is generic and that the repetition does not result in a designation with a different meaning. Here, "tires" and "tires tires tires" have the same meaning. So does "tires tires" as well as "tires tires tires tires." There is no "additional meaning" in "tires tires tires" that separates the designation from "tires" or even other designations solely comprising a repetition of "tires." See *American Fertility*, 51 USPQ2d at 1837 ("[t]he PTO here failed to provide any evidence that the phrase as a whole, SOCIETY FOR REPRODUCTIVE MEDICINE, has acquired no additional meaning to the relevant public than the terms

'society' and 'reproductive medicine' have individually.")
Additionally, the Board has already made clear in *In re Litehouse* and *In re Disc Jockeys* that the simple repetition of a merely descriptive term does not imbue the composite with the distinctiveness of a mark.  Further, Professor J. Thomas McCarthy, in his treatise, has considered the issue we now face:

> ***Repetition of a Generic Term.***  Repeating a generic name does not turn an otherwise invalid designation into a protectable trademark.  The Trademark Board observed: "It is settled that a mark's mere repetition of a merely descriptive word does not negate the mere descriptiveness of the marks as a whole."  The same principle should apply to a generic name.  For example, merely repeating a generic name such as CHAIRS! CHAIRS! CHAIRS! in connection with the sale of chairs will not create a protectable mark.

*McCarthy on Trademarks and Unfair Competition,* § 12:39 (4th ed. updated September 2009).  Professor McCarthy's CHAIRS! CHAIRS! CHAIRS! example addresses the same issue raised in this case, the repetition of a term for retail sales of goods identified by that term.  Finally, the composition of TIRES TIRES TIRES, through its repetition of a single word, is different from the composition of other marks which have been found to be "phrases."  See, e.g., *In re Active Ankle Systems Inc.,* 83 USPQ2d 1532, 1534 (TTAB 2007) ("DORSAL NIGHT SPLINT is a phrase. … In the present case, 'dorsal,' 'night,' and 'splint' are multiple words joined together as

8

a phrase."); *In re Outdoor Recreation Group*, 81 USPQ2d 1392, 1397 (TTAB 2006) ("OUTDOOR PRODUCTS is somewhat more analogous to the phrase considered by the court in *American Fertility"); and *In re Rodale Inc*., 80 USPQ2d 1696 (TTAB 2006) (NUTRITION BULLETIN is a phrase). The number of terms in the designation does not determine whether the designation constitutes a unitary phrase or merely a repeating word, for, as shown above, even two words have been held to constitute a unitary phrase. Rather, the critical factor is that the two or more words serve to modify each other and enhance the meaning of the composite, which is something that does not occur merely by repeating a word.

With the foregoing in mind, we consider whether the examining attorney has established that "tires" is generic for the retail sale of tires.

The examining attorney has made of record a definition of "tire" taken from the *Encarta* online dictionary, namely, a "rubber edging for wheel: a hollow band of rubber, often reinforced with fibers of other material, fitted around the outer edge of a vehicle's wheel and filled with compressed air." Such items are the subject of applicant's retail store services, and are featured in applicant's yellow pages advertisement for its retail tire services submitted

as a specimen of use. The advertisement states, "When we need tires we just look for the huge tire man," "Siouxland's #1 Tire & Auto Repair Center" and "FREE ALIGNMENT with every 4 tires purchased," and appears under the heading "Tire Dealers."

Further, the examining attorney has submitted webpages from retail tire stores showing the following uses of "tires" by other retailers of tires. See, for example:

tiresplus.com – stating "Shop for Tires" and "The online place to shop for tires";

1010tires.com – stating "buy tires" and including a link to "tires" as a product category;

toyo.com – stating "tire basics," "tire recommender" and "tire registration," and depicting tires;

merchantstire.com – including a link to "tires" as a product category;

tiresunlimited.com – stating "We specialize in many types of tires, including Motorcycle tires, ATV tires, and Specialty Tires" and "Just enter the weight of the tires you plan on ordering";

tirerack.com – listing "tires" as a product category and identifying as links "tires by size" and "Tires by Brand";

kauffmantire.com – including a link to "tires" as a product category and stating "Search for your tires on the left," "Reserve your tires & schedule your appointment" and "Search Tires for Vehicle";

vulcantire.com – including a link to "search tires" and including "tires" as a product category; and

10

> parishtire.com – stating "In 1946, J.H. Parish founded Parish Tire Company as a one location retail and commercial tire store in Winston Salem N.C."

The record also includes other advertisements under the caption "Tire Dealers" adjacent to applicant's yellow pages advertisement that use the word "tire" or "tires" to identify the items the advertisers sell. See (a) Ben Fish Tire Co., offering "New & Used Tires & Wheels Special Order High Performance Tires" and "Great Deals on Tires & Wheels"; and (b) Fremont Tire Inc., offering "24 Hour Truck Tire Service." Evidence of competitors' use of a term as the name of their goods and services is persuasive evidence that the relevant consumers perceive the term as generic. *Continental Airlines Inc. v. United Airlines Inc.*, 53 USPQ2d 1385 (TTAB 1999).

Because the term "tires" identifies a key aspect of applicant's services, i.e., the goods sold in applicant's retail store, and the recitation of services specifically uses the term "tires" to name the subject matter of applicant's retail services, the term is generic for the retail sales of tires. A term that names the central focus or subject matter of the services is generic for the services themselves. *See In re Candy Bouquet International, Inc.*, 73 USPQ2d 1883 (TTAB 2004) (because

11

CANDY BOUQUET is generic for gift packages of candy, it also is generic for applicant's retail, mail and computer ordering services therefor); *In re A La Vielle Russie, Inc.*, 60 USPQ2d 1895 (TTAB 2001) (RUSSIANART generic for particular field or type of art and also for dealership services directed to that field); *In re Log Cabin Homes Ltd.*, 52 USPQ2d 1206 (TTAB 1999) (LOG CABIN HOMES generic for type of building and also for architectural design services directed to that type of building and for retail outlets featuring kits for construction of that type building); *In re Web Communications*, 49 USPQ2d 1478 (TTAB 1998) (WEB COMMUNICATIONS generic for publication and communication via the World Wide Web, and also for consulting services directed to assisting customers in setting up their own Web sites for such publication and communication); and *In re Harcourt Brace Jovanovich, Inc.*, 222 USPQ 820 (TTAB 1984) (LAW & BUSINESS incapable of distinguishing applicant's services of arranging and conducting seminars in the field of business law). Also, because "tires" is generic for retail sales of tires, and because TIRES has the same meaning as TIRES TIRES TIRES, we find that the examining attorney has met his substantial burden of establishing that TIRES TIRES TIRES is generic

12

for, and hence incapable of identifying and distinguishing the source of, the identified services.

Descriptiveness and Acquired Distinctiveness

Although we have concluded on the record before us, that TIRES TIRES TIRES is generic for applicant services, should this conclusion be found in error in any appeal that may follow, we now consider whether applicant's proffered evidence of acquired distinctiveness is sufficient to support registration under Section 2(f).[3]

It is applicant's burden to establish a prima facie case of acquired distinctiveness. See *Yamaha International Corp. v. Hoshino Gakki Co., Ltd.*, 840 F.2d 1572, 6 USPQ2d 1001 (Fed. Cir. 1988). In determining whether secondary meaning has been acquired, the Board may examine copying, advertising expenditures, sales success, length and exclusivity of use, unsolicited media coverage, and consumer studies (linking the name to a source). *Cicena Ltd. v. Columbia Telecomms Group*, 900 F.2d 1546, 14 USPQ2d 1401 (Fed. Cir. 1990). On this list, no single factor is determinative. The amount and character of evidence required to establish acquired distinctiveness depends on

---

[3] "[B]y seeking registration under Section 2(f), applicant has conceded lack of inherent distinctiveness and must prove acquired distinctiveness." *In re MGA Entertainment, Inc.*, 84 USPQ2d 1743, 1747 (TTAB 2007).

13

the facts of each case and particularly on the nature of the mark sought to be registered. *See Roux Laboratories, Inc. v. Clairol Inc.*, 427 F.2d 823, 166 USPQ 34 (CCPA 1970); *In re Hehr Mfg. Co.*, 279 F.2d 526, 126 USPQ 381 (CCPA 1960); and *In re Gammon Reel, Inc.*, 227 USPQ 729 (TTAB 1985). Typically, more evidence is required where a mark is so highly descriptive that purchasers seeing the matter in relation to the named goods or services would be unlikely to believe that it indicates source in any one entity. *See, e.g., In re Bongrain Int'l Corp.*, 894 F.2d 1316, 13 USPQ2d 1727, 1727 n. 4 (Fed. Cir. 1990), citing *Yamaha Int'l,* 6 USPQ2d at 1008 ("the greater the degree of descriptiveness the term has, the heavier the burden to prove it has attained secondary meaning").

Applicant initially claimed acquired distinctiveness based on the declaration of Daniel J. Northdurft, applicant's President, who stated that TIRES TIRES TIRES had become distinctive of the services through applicant's substantially exclusive and continuous use in commerce for at least five years; that applicant has been using "TIRES, TIRES, TIRES" in commerce for a period of over twenty years; and that consumers associate "TIRES, TIRES, TIRES"

with applicant.[4] After the examining attorney found applicant's claim insufficient to establish acquired distinctiveness, applicant supplemented its claim with three additional declarations, which state as follows in relevant part:

Supplemental Declaration of Mr. Northdurft

- Applicant's business comprises three service centers in two different cities; and

- Applicant has spent between $106,000 and $122,000 annually in 2002 – 2006, and approximately $231,000 in 2007 "promoting the trademark 'TIRES, TIRES, TIRES.'"

Declaration of Mary Ann Johnson

- Ms. Johnson is the General Sales Manager for a CBS affiliate in Sioux City, Iowa;

- Applicant "has spent over $75,000 with [two television stations] advertising its 'TIRES, TIRES, TIRES' trademark"; and

- Ms. Johnson and the public associate the designation as a symbol identifying the services of applicant.

Declaration of Dennis J. Bullock

- Mr. Bullock is the General Manager of a broadcasting company that owns and operates several radio stations in Sioux City, Iowa and the surrounding area;

- Applicant "has achieved substantial brand recognition for its business due to its

---

[4] Though the Northdurft declaration refers to use of TIRES, TIRES, TIRES, i.e., a designation employing commas, we accept the declaration as support for applicant's claim of acquired distinctiveness of TIRES TIRES TIRES without commas.

substantial investment of approximately $1 million for advertising its 'TIRES, TIRES, TIRES' mark, and further due to the diverse forms of media though which the trademark is advertised, including through print, outdoor, electronic, and direct mail"; and

● "the public associates 'TIRES, TIRES, TIRES' as a symbol identifying the services of [applicant] only, and not of any other company in the field."

It has long been held that the fact that an applicant has used its mark for a long time does not necessarily establish that the mark has acquired distinctiveness. *In re The Interstate Folding Box Co.*, 167 USPQ 241, 245 (TTAB 1970) ("We are not persuaded by this record that the term 'INNER-LINED' has become distinctive of applicant's goods and does in fact serve as an indication of origin for such goods. It may well be that applicant, by reason of its long and continuous use, has acquired a de facto secondary meaning in the term 'INNER-LINED' in the sense that some or even many people have come to associate 'INNER-LINED' with applicant; but this falls far short of establishing a propriety or a legal or dejure right therein necessary to support registration"). Because at best applicant's mark is highly descriptive, the facts asserted in Mr. Northdurft's original declaration are not persuasive. *In re Gray Inc.*, 3 USPQ2d 1558, 1559 (TTAB 1987) ("[T]o support registration of PROTECTIVE EQUIPMENT [for burglar

16

and fire alarms and burglar and fire alarm surveillance services] on the Principal Register a showing considerably stronger than a prima facie statement of five years' substantially exclusive use is required").

Even applicant's supplemental showing, combined with its original showing, does not establish the acquired distinctiveness of applicant's proposed mark. First, applicant's advertising and the fact that it now has three service centers in two different cities are not persuasive because we cannot determine from the record whether the advertising and the increase in the number of service centers have had any impact on the recognition of TIRES TIRES TIRES as a source indicator by an appreciable number of purchasers. See *In re Kwik Lok Corp.*, 217 USPQ 1245 (TTAB 1983). As the court said in *In re Andes Candies Inc.*, 478 F.2d 1264, 178 USPQ 156, 158 (CCPA 1973), "[b]ecause of long use, large sales and advertising, it may be assumed that some persons might recognize a mark as designating origin, but that alone is not enough." Second, the fact that applicant has three service centers, without any context in the trade, is not so impressive as to elevate applicant's designation to the status of a distinctive mark. *See Target Brands Inc. v. Hughes*, 85 USPQ2d 1676 (TTAB 2007). Third, Mr. Bullock does not

17

provide any specifics regarding applicant's advertising "through print, outdoor, electronic and direct mail," such as the quantity, frequency and scope of such advertising. Fourth, because applicant provides services other than retail tire store services, we are not able to determine from Mr. Bullock's and Ms. Johnson's general statements how much applicant has spent in advertising the specific services identified in the identification of services. (According to applicant's original specimen, applicant provides other services in addition to the retail sales of tires.) Fifth, Mr. Bullock's and Ms. Johnson's statements regarding customer recognition of the designation as the source of applicant's services are not particularly probative because they do not indicate how they know that the public associates the designation as identifying applicant's services.

Thus, even if the designation TIRES TIRES TIRES were found to be not generic, but only merely descriptive, given the highly descriptive nature of the designation TIRES TIRES TIRES, we would need substantially more evidence (especially in the form of direct evidence from customers) than what applicant has submitted in order to find that the designation has become distinctive of applicant's services. *In re Lens.com Inc.*, 83 USPQ2d 1444 (TTAB 2007).

**Decision:** The refusal under Section 2(e)(1) of the Trademark Act on the ground that the proposed mark is generic, and the refusal based on the examining attorney's finding that the Section 2(f) showing is insufficient, are both affirmed.