NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STAUB DESIGN, LLC,**
*Appellant*

**v.**

**DAVID JOHN CARNIVALE,**
*Appellee*

---

2015-1306

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board, in No. 92047553.

---

Decided: August 6, 2015

---

KURT JOHN NIEDERLUECKE, Fredrikson & Byron, PA, Minneapolis, MN, for appellant. Also represented by DEAN R. KARAU, CYNTHIA A. JOKELA MOYER.

DAVID JOHN CARNIVALE, Staten Island, NY, pro se.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Staub Design, LLC argues the Trademark Trial and Appeal Board erred in dismissing its petition for cancellation of John Carnivale's registered mark, because Staub presented new issues that were not already decided in prior litigation. We find that Staub has failed to identify any evidence that might support or even concern Staub's argument regarding the allegedly new issues. Accordingly, we affirm.

I

Mr. Carnivale owns the registered trademark "THE AFFORDABLE HOUSE" for "architectural plans and specifications" and "on-line retail store services featuring books and sets of blue prints." Registration No. 3,058,545. Mr. Carnivale published a book, "The Affordable House," in 1994 and registered the domain name "www.affordablehouse.com" in 1998 to sell copies of his book and the blueprint sets it contains. *Carnivale v. Staub Design, LLC*, 700 F. Supp. 2d 660, 662 (D. Del. 2010).

Staub is a residential design company focused on the use of autoclaved aerated concrete, a lightweight building material. In 2004, after having discovered Mr. Carnivale's website, Staub registered the domain name "www.theaffordablehouse.com."

Mr. Carnivale sent Staub cease and desist letters in March 2007. On May 16, 2007, Staub petitioned for cancellation of Mr. Carnivale's mark, alleging the mark was obtained fraudulently and is generic for the services for which it is registered. *See* 15 U.S.C. § 1064(3). On May 22, 2007, the Board instituted proceedings and issued a scheduling order setting deadlines for discovery and the testimony period.

On May 30, 2007, Mr. Carnivale filed a civil action against Staub in district court, alleging that Staub's use

of the domain name www.theaffordablehouse.com violated the Anticybersquatting Consumer Protection Act (ACPA), Pub. L. No. 106-113, § 3002, 113 Stat 1501, 1501A545–46 (1999) (codified at 15 U.S.C. § 1125(d)). Shortly after, Mr. Carnivale filed in the Trademark Office a notice of a pending civil action and a motion to dismiss, which the Board construed as a motion under 37 C.F.R. § 2.132(b). On October 18, 2007, the Board ordered suspension of the cancellation proceedings pending the outcome of the civil action.

In March 2010, a district court, as part of its determinations on portions of Mr. Carnivale's ACPA claim, found Mr. Carnivale's mark distinctive and not generic. *Carnivale*, 700 F. Supp. 2d at 666–67; 15 U.S.C. § 1125(d)(1)(A)(ii)(II). And in April 2014, after a series of appeals and remands, the civil action concluded with a final judgment that Staub violated the ACPA. J.A. 9.

Mr. Carnivale notified the Board in May 2014 of the final judgment in the civil action. Within the following three months, the parties filed supplemental memoranda and notices regarding Mr. Carnivale's still-pending motion to dismiss and the concluded civil action. Staub also filed a motion to amend its petition to delete the fraud allegation and add an allegation that Mr. Carnivale's mark is merely descriptive. After considering the entire record of the proceeding and the decisions in the civil action, the Board granted Staub's motion to amend but nonetheless granted Mr. Carnivale's motion to dismiss.

Staub appeals. We have jurisdiction under 15 U.S.C. § 1071(a)(1) and 28 U.S.C. § 1295(a)(4)(B).

## II

We review de novo the Board's legal conclusions, including the dismissal of claims as legally deficient. *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1355 (Fed. Cir. 2009); *Sunrise Jewelry Mfg. Corp. v. Fred S.A.*, 175

F.3d 1322, 1324 (Fed. Cir. 1999). The Board's factual findings are reviewed for substantial evidence. *Aycock Eng'g, Inc.*, 560 F.3d at 1355.

Generic terms are not registrable, and a registered mark may be cancelled at any time on the grounds that it has become generic. 15 U.S.C. § 1064(3). Whether a mark is generic is a question of fact reviewed for substantial evidence. *In re Reed Elsevier Props. Inc.*, 482 F.3d 1376, 1378 (Fed. Cir. 2007).

The Board found that Staub was precluded under principles of collateral estoppel from re-litigating before the Board the same issue of distinctiveness that was decided in the civil action. Liability for a violation of the ACPA may be established by proving, among other things, that "in the case of a mark that is distinctive at the time of registration of the domain name, [the domain name] is identical or confusingly similar to the mark." 15 U.S.C. § 1125(d)(1)(A)(ii)(II). In the civil action, Mr. Carnivale prevailed on the issue of whether his registered mark was distinctive and not generic at the time of Staub's registration of the domain name www.theaffordablehouse.com. *See Carnivale*, 700 F. Supp. 2d at 666–67; *Carnivale v. Staub Design, LLC*, No. CIV. 1:08-cv-764-SLR, 2012 WL 6814251, at *4 (D. Del. Jan. 7, 2012), *aff'd*, 547 F. App'x 114 (3d Cir. 2013). To the extent that Staub's petition concerned the same issue of whether Mr. Carnivale's mark was distinctive and not generic in 2004, the Board correctly found that Staub was precluded from re-litigating that issue. *See, e.g.*, *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1091 (Fed. Cir. 1984).

Staub argues that his petition should be allowed to proceed because the distinctiveness issue in the civil action was limited to whether Mr. Carnivale's mark was distinctive at the time of registration of the domain name. According to Staub, the housing and foreclosure crisis

that began in 2008 has made it "especially likely" that the term is no longer distinctive in light of this change, making the issues of this case different than those decided in the civil action. Appellant's Br. 16–17. Staub offered no evidence before the Board to substantiate its argument. In this regard, the Board found that "[n]othing in Staub's submissions to [the] Board indicates that the issues in this proceeding differ from those that were litigated before the District Court and affirmed by the Third Circuit." J.A. 11. And our review of the record indicates that it does not contain any evidence relevant to Staub's changed-circumstances argument. Thus, on the record before us, we cannot say that the Board erred by dismissing Staub's petition.[1] *See, e.g.*, *Home Meridian Int'l, Inc. v. United States*, 772 F.3d 1289, 1295 (Fed. Cir. 2014) (holding that self-serving statements do not constitute substantial evidence).

## III

We have considered Staub's remaining arguments and conclude they are without merit. Accordingly, we affirm the Board's dismissal of Staub's petition for cancellation.

**AFFIRMED**

No costs.

---

[1] We express no opinion on the applicability of issue preclusion to the issue of whether a mark is still distinctive later in time when the basis for applying issue preclusion is a civil court's finding, in relation to an ACPA claim, that the mark was distinctive earlier in time.