# United States Court of Appeals for the Federal Circuit

2009-1188
(Serial No. 78/976,682)

IN RE 1800MATTRESS.COM IP, LLC
(substituted for Dial-A-Mattress Operating Corporation)

Francis J. Duffin, Wiggin and Dana LLP, of New Haven, Connecticut, for appellant.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were Christina J. Hieber and Janet A. Gongola, Associate Solicitors.

Appealed from: United States Patent and Trademark Office
                       Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

2009-1188
(Serial No. 78/976,682)


IN RE 1800MATTRESS.COM IP, LLC (substituted for Dial-A-Mattress Operating Corporation)




Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED:  November 6, 2009

_____


Before LOURIE, FRIEDMAN, and PROST, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

1800Mattress.com IP, LLC ("1800Mattress.com"), substituted as appellant for Dial-A-Mattress Operating Corp. ("Dial-A-Mattress"), appeals from the final decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (the "Board") refusing registration of the mark "MATTRESS.COM."  <u>In re Dial-A-Mattress Operating Corp.</u>, Serial No. 78976682, 2008 TTAB Lexis 437 (T.T.A.B. Nov. 13, 2008). Because the Board's decision finding "MATTRESS.COM" generic in relation to the recited services was supported by substantial evidence, we affirm.

BACKGROUND

On December 9, 2005, Dial-A-Mattress filed U.S. Trademark Application Serial No. 78/976,682, seeking to register the mark MATTRESS.COM (in standard character format) for services identified as "online retail store services in the field of mattresses,

beds, and bedding." On February 14, 2008, the trademark examiner finally refused registration of the mark on the basis that it is generic under Section 23(c) of the Trademark Act, 15 U.S.C. § 1091(c).

Dial-A-Mattress appealed to the Board, which affirmed the examiner's refusal to register the mark. The Board reasoned that the genus of services offered by Dial-A-Mattress was online retail store services in the field of mattresses, beds, and bedding. In re Dial-A-Mattress, 2008 TTAB Lexis 437, at *3–4. The Board then found that, given the genus of services offered, the term MATTRESS.COM would be understood by the relevant public primarily to refer to that genus. According to the Board, Dial-A-Mattress's services focused on mattresses. Thus, because "mattress" identified such a key aspect of Dial-A-Mattress's services, the Board found the term generic for Dial-A-Mattress's services. Id. at *4–6.

The Board then reasoned that the addition of the top level domain extension ".com" did not affect the term's genericness. According to the Board, several third party websites that were also online retail store services featuring mattresses and/or bedding had internet addresses ending in "mattress.com" or containing "mattress" and ".com." Thus, the Board found that consumers would see MATTRESS.COM and would immediately recognize it as a term that denotes a commercial website rendering retail services featuring mattresses. Id. at *8–10. In other words, the addition of ".com" did not affect registrability in this case because it did not create any additional meaning. Id. at *10–12. The Board rejected Dial-A-Mattress's argument that "com" somehow evoked the words "comfort" or "comfortable" and rejected the idea that the mark served as a

2009-1188
-2-

mnemonic.  Id. at *13–16.  Thus, the Board found MATTRESS.COM generic and affirmed the refusal to register Dial-A-Mattress's mark.

Dial-A-Mattress timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

DISCUSSION

We review the Board's legal conclusions de novo and the Board's factual findings for substantial evidence.  In re Pacer Tech., 338 F.3d 1348, 1349 (Fed. Cir. 2003). "Substantial evidence is 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind would accept as adequate' to support a conclusion."  Id. (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)). Whether an asserted mark is generic is a factual determination made by the Board.  In re Pennington Seed, Inc., 466 F.3d 1053, 1056 (Fed. Cir. 2006).

Dial-A-Mattress[*] argues that the Board's conclusion of genericness was not supported by substantial evidence.  According to Dial-A-Mattress, the only generic term that is supported by the evidence for online retail store services in the field of mattresses, beds, and bedding is "online mattress stores."  Thus, Dial-A-Mattress argues, the U.S. Patent and Trademark Office ("PTO") did not show, by clear evidence, that the relevant public refers to the class of services by the mark MATTRESS.COM. Dial-A-Mattress further asserts that the Board ignored record evidence that businesses outside the genus of online retail store services, such as stores that only sell mattresses

---

[*]       While the case was on appeal, we granted a motion to substitute 1800Mattress.com for Dial-A-Mattress as appellant.  However, because the briefs were filed with Dial-A-Mattress as the named appellant, we refer to the appellant as Dial-A-Mattress throughout this discussion.

2009-1188

-3-

in person, use "mattress.com" as a component of their domain names. According to Dial-A-Mattress, the Board also erroneously looked to the component parts of the mark MATTRESS.COM to find it generic, rather than looking at the mark as a whole. Finally, Dial-A-Mattress argues that the Board should not have disregarded the nature of the mark MATTRESS.COM as a mnemonic and as being capable of evoking the quality of comfort in mattresses.

The PTO responds that substantial evidence establishes that the relevant public would understand MATTRESS.COM to refer to a commercial website for selling mattresses, the key focus of the services. According to the PTO, the Board's conclusion of genericness was supported by clear and substantial evidence, including dictionary definitions, use by Dial-A-Mattress, and use of the identical term "mattress.com" to denote the websites of competitors offering the same services as Dial-A-Mattress. The PTO argues that the term "mattress" is indisputably generic, and, absent exceptional circumstances, the addition of the top level domain ".com," identifying a commercial website, to an otherwise unregistrable term will not transform the term into a registrable mark. Further, according to the PTO, there are no exceptional circumstances, as the separate terms "mattress" and ".com" in combination have a meaning identical to the common meaning of the separate components. The PTO adds that, even if "online mattress store" is a generic term, that does not prevent MATTRESS.COM from also being a generic term for the same services. The PTO also argues that, even if the term "mattress.com" might have significance for a different set of services, such as a brick and mortar store, that is irrelevant to whether the term is perceived by the public as naming the genus of services for which registration is sought,

2009-1188

i.e., online mattress stores.  Additionally, according to the PTO, such brick and mortar stores all have an online component to their mattress stores.  Finally, the PTO asserts that Dial-A-Mattress presented no evidence that MATTRESS.COM is a double entendre evoking a quality of comfort, and it is not a mnemonic.

We agree with the PTO that substantial evidence supported the Board's conclusion that the mark MATTRESS.COM is generic.  We have held that "[t]he critical issue in genericness cases is whether members of the relevant public primarily use or understand the term sought to be protected to refer to the genus of goods or services in question."  H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc., 782 F.2d 987, 989–90 (Fed. Cir. 1986).  Thus, we have laid out "a two-step inquiry:  First, what is the genus of goods or services at issue?  Second, is the term sought to be registered or retained on the register understood by the relevant public primarily to refer to that genus of goods or services?"  Id. at 990.  In this case, the parties agree that the genus of services is "online retail store services in the field of mattresses, beds, and bedding."  Accordingly, the mark is generic if the relevant public understands MATTRESS.COM to refer to such online retailers.

"An inquiry into the public's understanding of a mark requires consideration of the mark as a whole.  Even if each of the constituent words in a combination mark is generic, the combination is not generic unless the entire formulation does not add any meaning to the otherwise generic mark."  In re Steelbuilding.com, 415 F.3d 1293, 1297 (Fed. Cir. 2005); see In re Am. Fertility Soc'y, 188 F.3d 1341, 1347 (Fed. Cir. 1999) ("[I]f the compound word would plainly have no different meaning from its constituent words, and dictionaries, or other evidentiary sources, establish the meaning of those words to

be generic, then the compound word too has been proved generic. No additional proof of the genericness of the compound word is required."). In this case, the Board considered each of the constituent words, "mattress" and ".com," and determined that they were both generic. The Board found "mattress" to refer to the same mattresses referenced by the genus. It found ".com" to refer to an abbreviation designating a commercial organization in internet addresses. Neither party disputes the genericness of either component.

The Board then considered the mark as a whole and determined that the combination added no new meaning, relying on the prevalence of the term "mattress.com" in the website addresses of several online mattress retailers that provide the same services as Dial-A-Mattress. Such reliance is permissible to illuminate what services the relevant public would understand a website operating under the term "mattress.com" to provide. In re Reed Elsevier Props. Inc., 482 F.3d 1376, 1380 (Fed. Cir. 2007) (holding that the Board properly considered websites containing "lawyer.com" or "lawyers.com" in their domain names to determine what the relevant public would understand LAWYERS.COM to mean); see also In re Hotels.com, 573 F.3d 1300, 1306–06 (Fed. Cir. 2009) (same for the mark HOTELS.COM). Because websites operate under the term "mattress.com" to provide mattresses, and they provide them online, the Board properly concluded that the relevant public understands the mark MATTRESS.COM to be no more than the sum of its constituent parts, viz., an online provider of mattresses. Indeed, the Board's reasoning tracked our later reasoning in In re Hotels.com. In that case, we addressed the Board's rejection of the mark HOTELS.COM for hotel reservation services. In re Hotels.com, 573 F.3d at 1301.

2009-1188

There, as here, the Board had addressed the genericness of each of the constituent words and then had used the prevalence of "hotel.com" or "hotels.com" in hotel reservation service websites to find the combination generic. We affirmed the Board's giving "controlling weight to the large number of similar uses of 'hotels' with a dot-com suffix, as well as the common meaning and dictionary definition of 'hotels' and the standard usage of '.com' to show a commercial internet domain." Id. at 1306. Similarly, here, the Board permissibly gave controlling weight to the large number of similar uses of "mattress.com" as well as the common meanings of "mattress" and ".com."

Furthermore, even if, as Dial-A-Mattress asserts, some of the websites containing "mattress.com" in their domain names do not actually sell mattresses online, the fact that many of the websites do sell mattresses online supports the Board's conclusion that the term "mattress.com" is primarily used to identify services in the same genus as Dial-A-Mattress's services. In re Dial-A-Mattress, 2008 TTAB Lexis 437 at *9–10. We therefore find substantial evidence to support the Board's conclusion that "[c]onsumers would see MATTRESS.COM and would immediately recognize it as a term that denotes a commercial website rendering retail services featuring mattresses."

We further disagree with Dial-A-Mattress's assertion that the mark MATTRESS.COM is not generic because the relevant public would not use the term "mattress.com" to refer to online mattress retailers. The test is not only whether the relevant public would itself use the term to describe the genus, but also whether the relevant public would understand the term to be generic. See H. Marvin Ginn, 782 F.2d at 990 (describing the test as whether the term is "understood by the relevant public primarily to refer to [the appropriate] genus of goods or services"). Thus, it is irrelevant

2009-1188

-7-

whether the relevant public refers to online mattress retailers as "mattress.com." Instead, as the Board properly determined, the correct inquiry is whether the relevant public would understand, when hearing the term "mattress.com," that it refers to online mattress stores. We also disagree with Dial-A-Mattress's assertion that there can only be one generic term, which is "online mattress stores." Instead, any term that the relevant public understands to refer to the genus of "online retail store services in the field of mattresses, beds, and bedding" is generic.

Finally, we agree with the PTO that substantial evidence supports the Board's finding that the ".com" tail in MATTRESS.COM does not evoke the quality of comfort in mattresses and that the mark is not a mnemonic. As the PTO points out, Dial-A-Mattress presented no evidence that the relevant public finds such a double entendre in the term MATTRESS.COM. We have stated that "[o]nly in rare instances will the addition of a [top level domain] indicator to a descriptive term operate to create a distinctive mark." In re Steelbuilding.com, 415 F.3d at 1297. Similarly, here, because Dial-A-Mattress presented no evidence that ".com" evoked anything but a commercial internet domain, this is not a case in which the addition of ".com" affects the genericness of the mark. Furthermore, because Dial-A-Mattress presented no evidence that the mark MATTRESS.COM acts a mnemonic, substantial evidence supports the Board's finding in that regard.

We have considered Dial-A-Mattress's remaining arguments and find them unpersuasive.

## CONCLUSION

Accordingly, we affirm the Board's decision.

2009-1188

<u>AFFIRMED</u>