NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1534
(Opposition No. 91/166,939)


MONTY ALLEN CAMPBELL,

Appellant,

v.

BASSANI MANUFACTURING,

Appellee.


Monty Allen Campbell, of Alta Loma, California, pro se.


Appealed from:  United States Patent and Trademark Office
Trademark Trial and Appeal Board


.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1534
(Opposition No. 91/166,939)

MONTY ALLEN CAMPBELL,

Appellant,

v.

BASSANI MANUFACTURING,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED:  March 5, 2010

_____

Before MAYER, CLEVENGER, and MOORE, Circuit Judges.

PER CURIAM.

Monty Allen Campbell appeals from a final decision of the Trademark Trial and Appeal Board (Board) sustaining the opposition of Bassani Manufacturing (Bassani) on summary judgment and refusing Mr. Campbell's registration of X-PIPE for "internal combustion engine exhausts."  Bassani Mfg. v. Campbell, Opposition No. 91/166,939, slip op. (TTAB Mar. 17, 2009) (Board decision).  For the following reasons, we affirm.

Mr. Campbell filed an application to register the mark X-PIPE for "internal combustion engine exhausts."  Bassani opposed the registration and argued, among other things, that X-PIPE is generic.  Bassani moved for summary judgment and submitted, through a declaration from its attorney, supporting "printouts of magazine articles, newspaper articles, online publications, website printouts, copies of catalogs

and the declaration of Boyd Butler, President of Dr. Gas Incorporated, a competitor of applicant's." Id. at 3. Mr. Campbell submitted exhibits in response, but the Board rejected them as inadmissible under Trademark Trial and Appeal Board Manual of Procedure § 528.05(e) because Mr. Campbell did not provide an authenticating affidavit or declaration. The Board ultimately granted Bassani's motion for summary judgment and denied Mr. Campbell's motion for reconsideration.

Mr. Campbell appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B). "In reviewing the [B]oard's grant of summary judgment, we apply the same standard as the [B]oard, the standard of Federal Rule of Civil Procedure 56." BellSouth Corp. v. DataNational Corp., 60 F.3d 1565, 1569 (Fed. Cir. 1995). Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

"A generic term cannot be registered as a trademark because such a term cannot function as an indication of source." BellSouth, 60 F.3d at 1569. To determine whether a term is generic, we identify the genus of goods or services at issue and ask whether the term is "understood by the relevant public primarily to refer to that genus of goods or services." In re 1800Mattress.com IP, LLC, 586 F.3d 1359, 1363 (Fed. Cir. 2009) (quoting H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc., 782 F.2d 987, 990 (Fed. Cir. 1986)).

The Board identified the genus of Mr. Campbell's goods as "internal combustion engine exhausts which contain exhaust pipes and discharge pipes." Board decision at

5.  On appeal, Mr. Campbell asserts that the Board was inconsistent in its identification of the genus.  According to Mr. Campbell, the Board stated in one instance that the genus is "exhaust pipes and discharge pipes" and in another instance that the genus is "internal combustion engine exhausts."  We disagree.  The Board consistently identified the genus of Mr. Campbell's goods as "internal combustion engine exhausts which contain exhaust pipes and discharge pipes."  Id. at 5, 14.  Although the Board referred to Mr. Campbell's goods as "internal combustion engine exhausts," see id. at 14, we do not read this reference as inconsistent with the rest of the Board's decision.  Moreover, Mr. Campbell does not appear to contend that a different genus is applicable.

The Board further concluded that "there is no genuine issue of material fact that the relevant public perceives 'x-pipe' as referring to internal combustion engine exhausts which contain exhaust pipes and discharge pipes."  Id. at 13–14.  The Board identified numerous print and online publications (including newspapers and magazines), as well as use by competitors, in support of its conclusion that the relevant public perceives X-PIPE as referring to the applicable genus.  Id. at 7–10.  On appeal, Mr. Campbell contends that the Board was not permitted to rely on competitor use.  But our decision in BellSouth, stating that "[t]he cases have recognized that competitor use is evidence of genericness," is to the contrary.  BellSouth, 60 F.3d at 1570.  And as in BellSouth, the Board here relied on sources other than competitor use, in this case use in newspapers and magazines.  Id.  Thus we agree with the Board's conclusion on summary judgment that X-PIPE is understood by the relevant public primarily to refer to "internal combustion engine exhausts which contain exhaust pipes and discharge pipes."

Lastly, Mr. Campbell expresses disagreement with the Board's reliance on case law apparently not cited in Bassani's motion for summary judgment. Specifically, Mr. Campbell contends that such reliance violated his due process rights. The Board, however, is required to follow controlling precedent even if that precedent is not cited by opposing counsel. Accordingly, we must reject Mr. Campbell's argument.

For the foregoing reasons, and because we conclude that Mr. Campbell's remaining arguments are without merit, we affirm the Board's final decision.

COSTS

No costs.