This Opinion Is a
Precedent of the TTAB

Mailed: April 21, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Meridian Rack & Pinion*
*DBA buyautoparts.com*

_____

Serial No. 85504151

_____

John Alumit of Alumit IP,
    for Meridian Rack & Pinion.

Ingrid C. Eulin, Trademark Examining Attorney, Law Office 111,
    Robert L. Lorenzo, Managing Attorney.

_____

Before Bucher, Kuczma and Masiello,
    Administrative Trademark Judges.

Opinion by Kuczma, Administrative Trademark Judge:

Meridian Rack & Pinion, DBA buyautoparts.com, ("Applicant") seeks

registration on the Supplemental Register of BUYAUTOPARTS.COM (in standard

characters with a disclaimer of rights in ".com") for:

> On-line retail store services featuring auto parts in
> International Class 35.[1]

_____

[1] Application Serial No. 85504151 was filed on December 27, 2011, and originally sought
registration on the Principal Register based upon Applicant's claim of first use anywhere
and use in commerce since at least as early as May 1, 2001; on December 23, 2013,
Applicant amended its application to seek registration on the Supplemental Register.

The Trademark Examining Attorney refused registration of Applicant's proposed mark on the Supplemental Register under Section 23 of the Trademark Act, 15 U.S.C. § 1091, finding it generic and incapable of distinguishing Applicant's services. After the Examining Attorney made the refusal final, Applicant appealed to this Board. Applicant and the Examining Attorney filed main appeal briefs. For the reasons set forth herein, we affirm the refusal to register.

Generic terms are common names that the relevant purchasing public understands primarily as describing the genus of particular goods or services. The generic name of a thing is in fact the ultimate in descriptiveness. *H. Marvin Ginn Corp. v. International Association of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528, 530 (Fed. Cir. 1986), *citing In re Northland Aluminum Products Inc.,* 777 F.2d 1556, 227 USPQ 961, 963 (Fed. Cir. 1985); *Weiss Noodle Co. v. Golden Cracknel & Specialty Co.,* 290 F.2d 845, 129 USPQ 411, 413 (CCPA 1961).

The Court of Appeals for the Federal Circuit has held that "[t]he critical issue in genericness cases is whether members of the relevant public primarily use or understand the term sought to be protected to refer to the genus of goods or services in question." *H. Marvin Ginn v. International Association of Fire Chiefs*, 228 USPQ at 530. Determining whether a mark is generic therefore involves a two-step inquiry:

> 1) what is the genus of goods or services at issue?
>
> 2) does the relevant public understand the designation primarily to refer to that genus of goods and/or services?

*In re 1800Mattress.com IP, LLC*, 586 F.3d 1359, 92 USPQ2d 1682, 1684 (Fed. Cir. 2009), quoting *H. Marvin Ginn v. International Association of Fire Chiefs,* 228 USPQ at 530.

With respect to the first part of the inquiry, the genus of the services is often defined by an applicant's identification of services. *See Magic Wand Inc. v. RDB Inc.,* 940 F.2d 638, 19 USPQ2d 1551, 1552 (Fed. Cir. 1991); *In re Country Music Association*, 100 USPQ2d 1824, 1827-28 (TTAB 2011). Applicant seeks to register the wording "BUYAUTOPARTS.COM" for services described as "on-line retail store services featuring auto parts." We find the recitation of services in the application to be an adequate definition of the genus at issue. The dictionary evidence submitted by the Examining Attorney indicates that "retailing" is "selling of merchandise directly to the consumer."[2] Thus, to use plain terms, the genus could also be described as "selling car or auto parts online."

We next consider the relevant public's understanding of the term BUYAUTOPARTS.COM. Here, the relevant public consists of general consumers of automobile parts. An inquiry into the public's understanding of a mark requires consideration of the mark as a whole. Even if each of the constituent words in a combination mark is generic, the combination is not generic unless the entire formulation does not add any meaning to the otherwise generic mark. Moreover, where the proposed mark is a phrase, the Board cannot simply cite definitions and generic uses of the constituent terms of a mark; it must conduct an inquiry into the

---

[2] "The Free Dictionary by Farlex" at *http://encyclopedia2.thefreedictionary.com/ retail+store*, April 7, 2014 Final Office Action at p. 13.

meaning of the disputed phrase as a whole. *In re Steelbuilding.com*, 415 F.3d 1293, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005); *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807, 1810 (Fed. Cir. 2001); *In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832, 1836-37 (Fed. Cir. 1999).

Applicant contends that the wording "BUYAUTOPARTS.COM" does not describe the genus of its "on-line retail store services featuring auto parts," arguing that the word "buy" does not identify a genus of services associated with "selling."[3] It maintains that the wording "buy" has an opposite meaning of the word "sale" such that the wording "buy" does not identify a genus of services associated with "selling." At best, Applicant argues, the wording "BUYAUTOPARTS" describes the desired result or purpose of the services, which is to provide retail means (as opposed to wholesale) for "buyers" to "buy" auto parts.[4] Applicant contends that the applied-for mark would be considered generic only if Applicant purchased auto parts from others, *i.e.*, for re-sale, not for sale to the public. In Applicant's view, BUYAUTOPARTS.COM merely conveys the message that consumers may purchase auto parts from Applicant online, if consumers desire to do so, but does not describe Applicant's "selling".[5]

Likewise, Applicant argues, the line of cases the Examining Attorney cites[6] in support of the argument that a term may be generic for a key ingredient, feature, or

---

[3] Applicant's Appeal Brief at 4 TTABVUE 5.

[4] Applicant's Appeal Brief at 4 TTABVUE 5-6.

[5] March 18, 2014 Response.

[6] See Applicant's Appeal Brief at 4 TTABVUE 5, and February 14, 2014 Office Action citing: *In re Northland Aluminum Prods. Inc.*, 777 F.2d 1556, 227 USPQ 961, 963-64 (Fed. Cir. 1985) (holding BUNDT generic for cake mix); *In re Central Sprinkler Co.*, 49 USPQ2d 1194,

characteristic of a service, does not support genericness in this case. In those cases, Applicant contends, the mark identifies some feature of the service itself. However, in the present case, Applicant asserts, the applied-for mark at most describes the fact that its intended consumers may buy auto parts online, and therefore would describe or indicate a desired result or purpose of the services. According to Applicant, the circumstances render its mark either highly suggestive or merely descriptive, but not generic.[7]

While Applicant attempts to make an issue over the significance of the word "buy" versus the word "sell," its arguments are not persuasive. First, we note that more than one term may be generic with respect to a particular product or service. *In re 1800Mattress.com,* 92 USPQ2d at 1685 ("We also disagree with [the] assertion that there can only be one generic term …. Instead, any term that the relevant public understands to refer to the genus … is generic."). We also observe that the central focus of any retail sales service is to facilitate a transaction in which a seller sells, and a buyer buys, a product. As the evidence amply demonstrates, "buying" is directly related to the "selling" process.[8] The Board has often held that a term that names the "central focus" or "key aspect" of a service is generic for the service itself, and the Board's principal reviewing court has approved this approach. *See In re Hotels.com LP*, 573 F.3d 1300, 91 USPQ2d 1532, 1535 (Fed. Cir. 2009) ("hotels" identified the "central focus" of online lodging information and reservation services

---

1199 (TTAB 1998) (holding ATTIC generic for automatic sprinklers for fire protection used primarily in attics); *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 1 USPQ2d 1364, 1365 (3d Cir. 1986) (holding CHOCOLATE FUDGE generic for diet sodas).

[7] March 18, 2014 Response; Applicant's Appeal Brief at 4 TTABVUE 6.

[8] *See*, for example, April 7, 2014 Final Office Action, pp. 15, 24, 52, 56 and 59.

and therefore HOTELS.COM found generic); *In re Tires, Tires, Tires Inc.*, 94 USPQ2d 1153, 1157 (TTAB 2009) (where "tires" was the generic name of the goods sold in retail stores, being a "key aspect" of such services, TIRES TIRES TIRES was found generic for retail tire stores); *see also In re Candy Bouquet International, Inc.*, 73 USPQ2d 1883, 1891 (TTAB 2004) ("candy bouquet" is generic name for a certain type of gift package; therefore, "Candy Bouquet" is generic for retail, mail, and computer order services in the field of gift packages of candy); *In re A La Vieille Russie, Inc.*, 60 USPQ2d 1895, 1900 (TTAB 2001) (a term that is generic for a particular class of goods is also deemed generic for the services of selling those goods; "RUSSIANART" is generic for the services of selling such art).

The record establishes that Applicant offers its auto parts for sale online by advertising "Buy Auto Parts."[9] Thus, buying auto parts is a central focus of the service of offering auto parts for sale. Moreover, the record shows that relevant members of the public use and understand the words "buy auto parts" as referring to the purchase and sale transactions that are the central focus of retail sales of auto parts, and that third parties engaged in the online sale of auto parts similar to Applicant's business, advertise to their customers to "Buy Auto Parts Online":[10]

**From May 11, 2012 Office Action:**

OEM Car Parts Warehouse - Buy Auto Parts Online at MAGAuto.COM Factory Parts at Wholesale Prices

---

[9] *See*, November 19, 2012 Response to Office Action; December 23, 2013 Petition to Revive Abandoned Application.

[10] *See*, for example, pp. 5, 7, 9, 14, and 16 of May 11, 2012 Office Action and pp. 27-29 of November 9, 2012 Office Action. We have considered all the evidence of record including the evidence Applicant submitted in support of its claim of acquired distinctiveness which was filed prior to the amendment of its application to the Supplemental Register.

*http://www.magauto.com* p. 7 (page numbers indicate the page of the Office Action at which the evidence is found);

Buy Auto Parts Online-Browse Catalog
*http://www.autoparts123.com* p. 9;

Parts Plus Car Parts, Buy Auto Parts Online-Browse Catalog
*http://www.partspluscarparts.com* p. 16;

**From November 9, 2012 Office Action:**

Buy auto parts online and save up to 80%
More than 4.2 Million parts in stock . . .
*http://webcache.googleusercontent.com/search?q=cache:emA2HmQ2iXMJ:www.auto partsway.com/+%22buy+auto+parts%22&cd=3&hl=en&ct=clnk&gl=us* p. 28;

Guest Blog: When & How to Buy Auto Parts Online
When your car breaks down and you take it to the mechanic or . . .
*http://webcache.googleusercontent.com/search?q+cache:IniMKtjp_4J:sandiego.bbb.org/article/guest-blog-when-and-how-to-buy-auto-parts-online-33270+%22buy+auto+parts+online%22&cd=7&hl=en&ct=clnk& gl=us* p. 35;

Three Reasons to Buy Auto Parts Online
Truck spares and auto electrical parts are sold online by reputable sellers and you only need to know where to look. Even if you choose …
*http://webcache.googleusercontent.com/search?q=cache:CfZSGI-VAFUJ:www.draperrichardsfoundation.org/three-reasons-to-buy-auto-partsonline.html+%22buy+auto+parts=online%22&cd=9&hl=en&ct=clnk&gl=us* p. 38;

Buy Auto Parts Online by Craig Thornburrow
It seems that no one has enough time these days, but deciding to buy auto parts online can make your life a little easier, and in some cases save you big bucks!
*http://webcache.googleusercontent.com/search?q=cache:XeOmCkX7VBUJ:www.streetdirectory.com/travel_guide/214228/car_parts/buy_auto_parts_online.html+%22buy+auto+parts+online%22&cd=17&hl=en&ct=clnk&gl=us* p. 40;

Buy Auto Parts Online|Car, Truck, SUV, Performance Parts
The Internet is a great way to Buy Auto Parts Online. From the comfort of your chair, you can go from one online shop to the next . . .
*http://webcache.googleusercontent.com/search?q=cache:z55JBwQ9SYsJ:buyautopartsonline.blogspot.com/2010/03/buy-auto-parts-online-car-truck-suvand.html+%22buy+auto+parts+online%22&cd=20&hl=en&ct=clnk&gl=us* p. 43;

**From April 7, 2014 Final Office Action:**

Buy Auto Parts Online?
There are many advantages to buying auto parts online. Not only …
*http://webcache.googleusercontent.com/search?q=cache:k_k6xhiFAtwJ:www.ask.com/question s/buy-auto-parts-online+&cd=8&hl=en&ct=clnk&gl=us* p. 15;

How to Buy Auto Parts Online: Car Expert Lauren Fix
Published on Jan 31, 2013
When you need an auto part, it's best to research your options …
*http://www.youtube.com/watch?v=TZZCOWIWm_U* p. 18;

Buy Auto Parts Online
Published Nov 17, 2013
Amazing Savings Auto Parts is a fast-growing company that sells auto parts and accessories featured in it online catalog.
*http://www.youtube.com/watch?v=21eMd2w7Yis* p. 21;

Where Can I Buy Auto Parts Online?
You can buy auto parts online from a great many websites. Almost…
*http://webcache.googleusercontent.com/search?q=cache:yy6kFjQODUMJ:www.ask.c om/question/orally-auto-parts+&cd=9&hl=en&ct=clnk&gl=us* p. 24;

Top Five Auto Parts the Average Consumer Should Purchase Online – and Here's Why!
Carson, Calif., Jan. 23, 2013/PRNewswire/-With more and more aging cars on the road and an ever-growing population of auto repair Do-It-Yourselfers (DIYers), millions of consumers have turned to the Internet to buy auto parts online to keep their vehicles running efficiently and safely. . . .
*http://webcache.googleusercontent.com/search?q=cache:zl_ZS2NXkKw J:www.prnewswire.com/news-release/top-five-auto-parts-the-average-consumer-should-purchase-online----and-heres-why-188024811.html+&cd=4&hl=en&ct=clnk&gl=us* p. 28.

As shown on Applicant's website, *www.buyautoparts.com,* even Applicant has used "Buy Auto Parts" to refer to the desired transaction of buying auto parts:

BUYAUTOPARTS.com
Easy to Buy Auto Parts

Our online inventory of auto parts is a breeze to navigate. . . .
*http://web.archive.org/web/20110307235003/http://www.buyautoparts.com*

p. 27.[11]

While Applicant admits that it sells auto parts online, and concedes that "the term "BuyAutoParts" can be seen as generic,"[12] it maintains that the addition of the ".com" domain suffix changes the commercial impression and makes BUYAUTOPARTS.COM distinctive.[13] Despite the foregoing, Applicant has disclaimed the ".com" suffix.[14] More importantly, the evidence shows that ".com" is widely understood and used to refer to a form of electronic commerce that allows consumers to purchase goods or services online.[15] Thus, the meaning of the phrase BUYAUTOPARTS.COM as a whole is generic for "on-line retail store services featuring auto parts."

Moreover, when a word or words constitute the generic name of the central focus or subject matter of a service, the addition of a top level domain indicator, such as ".com," to that generic name typically will not turn the composite phrase into a registrable service mark. *See In re 1800Mattress.com*, 92 USPQ2d 1682 ("mattress.com" is generic for online retail stores services selling mattresses); *In re Hotels.com,* 573 F.3d 1300, 91 USPQ2d 1532 (Fed. Cir. 2009) ("hotels.com" is generic for reserving hotel rooms via a website); *In re Reed Elsevier Properties, Inc.,* 482 F.3d 1376, 82 USPQ2d 1378 (Fed. Cir. 2007) ("lawyers.com" is generic for website providing information about law and lawyers); *see also*, *Advertise.com, Inc.*

---

[11] October 18, 2012 Response to Office Action.

[12] November 19, 2012 Response.

[13] December 23, 2013 Petition to Revive for Office Action.

[14] December 23, 2013 Petition to Revive for Office Action.

[15] *See,* for example, April 7, 2014 Office Action pp. 15, 18, 25 and 61, and the March 18, 2014 Response.

*v. AOL Advertising, Inc.*, 616 F.3d 974, 96 USPQ2d 1310 (9th Cir. 2010) (appellant will likely prevail on its claim that "advertising.com" is generic for online advertising services); J. Thomas McCarthy, *Trademarks and Unfair Competition* § 12:39 (4th ed. March 2015). Therefore, inasmuch as "BuyAutoParts" is a generic phrase for auto parts retail sales, the addition of ".com" does not turn BUYAUTOPARTS.COM into a mark registrable on the Supplemental Register.

In view of the foregoing, we affirm the refusal of registration on the Supplemental Register under Section 23 of the Trademark Act on the ground that the proposed mark BUYAUTOPARTS.COM is incapable of distinguishing Applicant's services.

***Deci*sion**: The refusal to register Applicant's proposed mark BUYAUTOPARTS.COM on the Supplemental Register is affirmed.