This Opinion is a
Precedent of the TTAB

Mailed: March 27, 2019

UNITED STATES PATENT AND TRADEMARK OFFICE

\_\_\_\_

Trademark Trial and Appeal Board

\_\_\_\_

*In re Virtual Independent Paralegals, LLC*

\_\_\_\_

Serial No. 86947786

\_\_\_\_

Erik M. Pelton of Erik M. Pelton & Associates PLLC,
    for Virtual Independent Paralegals, LLC.

Deborah Meiners, Trademark Examining Attorney, Law Office 110,
    Chris A.F. Pedersen, Managing Attorney.

\_\_\_\_

Before Zervas, Bergsman and Greenbaum,
    Administrative Trademark Judges.

Opinion by Bergsman, Administrative Trademark Judge:

Virtual Independent Paralegals, LLC ("Applicant") seeks registration on the

Principal Register, under the provisions of Section 2(f) of the Trademark Act,

15 U.S.C. § 1052(f), of the term VIRTUAL INDEPENDENT PARALEGALS (standard

characters), for "paralegal services; providing medical record summaries, deposition

summaries and document review; litigation support services," in Class 45.[1] Applicant has disclaimed the exclusive right to use the word "Paralegals."

The Examining Attorney refused to register VIRTUAL INDEPENDENT PARALEGALS for the services set forth in the application on the grounds that the proposed mark is generic and, if it is not generic, that it is merely descriptive and has not acquired distinctiveness under Sections 1, 2, 3, and 45 of the Trademark Act, 15 U.S.C. §§ 1051, 1052,, 3, and 1127.

## I. Preliminary Issue

As noted below in our discussion of the evidence, the Examining Attorney submitted multiple copies of some of the same websites. The Board has long discouraged multiple submissions of the same evidence because they are unnecessarily cumulative. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 1208.01 (2018); *cf. In re Max Capital Grp. Ltd.,* 93 USPQ2d 1243, 1245-46 (TTAB 2010) (Board criticized applicant for submitting over 300 pages of Internet material, much of which was duplicative or irrelevant). This practice principle applies equally to examining attorneys and applicants. Attaching previously submitted evidence a second or third time is neither a courtesy nor a convenience to the Board. Because the Board and, presumably, an examining attorney and an applicant, review the entire record to assess the probative value of all properly submitted evidence, multiple submissions of the same evidence can cause confusion

---

[1] Application Serial No. 86947786 was filed on March 21, 2016, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), based upon Applicant's claim of first use of its mark anywhere and in commerce in May 2009.

in reviewing the record and unnecessary delay in issuing a final decision. If evidence that purportedly is the same is presented more than once, the Board must compare all versions of the evidence to confirm that it is, in fact, identical. This is not an appropriate use of the Board's limited resources. The better practice is to submit the evidence only once, and to refer to the evidence by Office Action/Response date and TSDR page number (as the Board does) in later Office Actions/Responses or appeal briefs. We remind examining attorneys and applicants that they both can refer to any evidence that properly is of record, regardless of who submitted it in the first instance. *Cf.* Trademark Rule 2.122(a), 37 C.F.R. § 2.122(a) ("When evidence has been made of record by one party in accordance with these rules, it may be referred to by any party for any purpose permitted by the Federal Rules of Evidence.").

II. Whether VIRTUAL INDEPENDENT PARALEGALS is generic for "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services"?

We turn first to an analysis of whether the designation VIRTUAL INDEPENDENT PARALEGALS is generic, because a generic designation is incapable of functioning as a service mark. *In re Cordua Rests., Inc.*, 823 F.3d 594, 118 USPQ2d 1632, 1634 (Fed. Cir. 2016); *see also In re Emergency Alert Sols. Grp., LLC*, 122 USPQ2d 1088, 1089 (TTAB 2017). A generic term "is the common descriptive name of a class of goods or services." *Royal Crown Cola v. Coca-Cola Co.*, 892 F.3d 1358, 127 USPQ2d 1041, 1045 (Fed. Cir. 2018) (quoting *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528, 530 (Fed. Cir. 1986)). "The critical issue in genericness cases is whether members of the relevant

public primarily use or understand the term to be protected to refer to the genus of goods or services in question." *Royal Crown Cola*, 127 USPQ2d at 1046 (quoting *Marvin Ginn*, 228 USPQ at 530).

Our primary reviewing court has set forth a two-step inquiry to determine whether a mark is generic: First, what is the genus (category or class) of goods or services at issue? Second, is the term sought to be registered understood by the relevant public primarily to refer to that genus of goods or services? *Marvin Ginn*, 228 USPQ at 530. The relevant public's perception is the chief consideration in determining whether a term is generic. *See Princeton Vanguard, LLC v. Frito-Lay N. Am., Inc.*, 786 F.3d 960, 114 USPQ2d 1827, 1833 (Fed. Cir. 2015). "An inquiry into the public's understanding of a mark requires consideration of the mark as a whole." *Id.* at 1831 (quoting *In re Steelbuilding.com*, 415 F.3d 1293, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005)). "Even if each of the constituent words in a combination mark is generic, the combination is not generic unless the entire formulation does not add any meaning to the otherwise generic mark." *In re 1800Mattress.com IP LLC*, 586 F.3d 1359, 92 USPQ2d 1682, 1684 (Fed. Cir. 2009) (quoting *In re Steelbuilding.com*, 75 USPQ2d at 1421); *see also Princeton Vanguard*, 114 USPQ2d at 1832.

Evidence of the public's understanding of a term may be obtained from "any competent source, such as consumer surveys, dictionaries, newspapers and other publications." *Id.* at 1830 (quoting *In re Northland Aluminum Prods., Inc.*, 777 F.2d 1556, 227 USPQ 961, 963 (Fed. Cir. 1985)).

With respect to the first part of the *Marvin Ginn* inquiry, the genus may be defined by the services identified in the application: "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services." *See In re Reed Elsevier Props. Inc.*, 482 F.3d 1376, 82 USPQ2d 1378, 1380 (Fed. Cir. 2007); *Magic Wand Inc. v. RDB Inc.*, 940 F.2d 638, 19 USPQ2d 1551, 1552 (Fed. Cir. 1991) (a proper genericness inquiry focuses on the identification set forth in the application or certificate of registration). Applicant and the Examining Attorney agree that the proper genus is "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services."[2]

The second part of the *Marvin Ginn* test is whether the term sought to be registered is understood by the relevant public primarily to refer to that genus of goods or services. The relevant public encompasses "actual [and] potential purchasers of . . . goods or services" identified in the application or registration. *The Loglan Inst. Inc. v. The Logical Language Grp. Inc.*, 962 F.2d 1038, 22 USPQ2d 1531, 1533 (Fed. Cir. 1992) (citation omitted); *Sheetz of Del., Inc. v. Doctor's Assocs. Inc.*, 108 USPQ2d 1341, 1351 (TTAB 2013). Both Applicant and the Examining Attorney refer to Applicant's website to identify the relevant public:[3]

> VIP Help Me is proud to serve both the plaintiff and defense bar. Our clients consist of preeminent plaintiff and insurance defense attorneys, solo and small firm practitioners, in-house and captive counsel, claims

---

[2] Applicant's Brief, p. 13 (10 TTABVUE 14); Examining Attorney's Brief (12 TTABVUE 7).

[3] Applicant's Brief, p. 16 (10 TTABVUE 16); Examining Attorney's Brief (12 TTABVUE 7).

adjusters, third party administrators and major regional and national insurance carriers.[4]

Nevertheless, the determination of whether a mark is generic must be made in relation to the goods or services for which registration is sought, not in the abstract. Because there are no restrictions or limitations to the channels of trade or classes of consumers for "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services," the services and their relevant purchasers may not be limited by extrinsic evidence. *See Remington Prods., Inc. v. N. Am. Philips Corp.*, 892 F.2d 1576, 13 USPQ2d 1444, 1448 (Fed. Cir. 1990) (the mark must be considered in context, i.e., in connection with the goods); *Magic Wand*, 19 USPQ2d at 1553-54 (holding that the description of services in respondent's registration defines the relevant public); *Couch/Braunsdorf Affinity, Inc. v. 12 Interactive, LLC*, 110 USPQ2d 1458, 1463 (TTAB 2014) ("The question of registrability must be determined, in proceedings before the Board, on the basis of the services as set forth in the registrations, rather than in reference to the precise nature of the services on or in connection with which the marks are actually used or intended to be used.").

---

[4] Applicant's website (viphelpme.com) attached to the May 9, 2017 Response to Office Action (TSDR 11). The Examining Attorney also submitted a copy of Applicant's website with her May 31, 2017 Office Action (TSDR 8). In addition, Applicant submitted the relevant portion of the website as its specimen of use.

Citations to the USPTO TSDR database are to the downloadable .pdf format.

The record is replete with evidence, discussed more fully below, that "independent paralegals" are paralegals who offer their services to ordinary consumers for, inter alia, legal document preparation without the supervision of attorneys. *See, e.g.,*

- Washington Post website (washingtonpost.com):

  Preparing for the Invasion of Independent Paralegals

  *     *     *

  They call themselves independent paralegals, legal technicians or document preparers. Working on their own, they help people fill out the paperwork for uncontested divorces, personal bankruptcies and other simple procedures, at prices far below those of private lawyers.[5]

- Online Paralegal Degree Center website (on-line-paralegal-degree.org)

  Can I Hire A Paralegal Instead Of A Lawyer?

  *     *     *

  What Is An Independent Paralegal?

  An independent paralegal, which may also be referred to as a freelance professional, is a non-attorney legal professional who provides different types of legal document services to patrons for a fee without being under the supervision of a licensed attorney. Since the paralegal is not working directly under an attorney, there are some strict limitations as to what they are lawfully allowed to do. They cannot actually practice law but they can help individuals with less complicated matters that do not create the need for legal advice. Providing information about certain legal topics is not against the law, but they must be careful how the patron takes the information that is offered.[6]

---

[5] May 31, 2017 Office Action (TSDR 33).

[6] May 31, 2017 Office Action (TSDR 31).

- Amazon.com website advertising the sale of the book "The Independent Paralegal's Handbook: Everything You Need To Run a Business Preparing Legal Paperwork for the Public."[7] The advertising copy reads as follows:

> Everyday more and more people are turning to independent paralegals for help with routine legal paperwork. This long-proven definitive reference provides crucial legal and business advice for all those considering a career in this growing field. Interviews with prominent independent paralegals bring the text to life.

Accordingly, the relevant public is not limited to professionals such as lawyers, corporations, claims adjusters, third party administrators, and insurance carriers, as stated by Applicant in its website; it includes the public at large, namely, ordinary consumers who need assistance completing legal forms.

We now turn to how the relevant consumers use or understand the designation VIRTUAL INDEPENDENT PARALEGALS when it is used in connection with "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services." The Examining Attorney submitted numerous examples of the term "Virtual Paralegal" identifying a class of paralegals who telecommute or work remotely.

- Certified Paralegals Community website (certifiedparalegals.org)

> Virtual Paralegal: Job Description & Duties
>
>        *     *     *
>
> What is A Virtual Paralegal?
>
> A virtual paralegal is a paralegal who performs duties from home or some other location other than the employer's

---

[7] May 31, 2017 Office Action (TSDR 34).

office. The jobs are generally assigned and turned [in] through some form of electronic means. For the virtual paralegal, being comfortable with technology is crucial to performing his or her duties successfully.[8]

- Virtual Paralegal Training Center website (google.com)

  What is a Virtual Paralegal?

  Virtual Paralegals are contract, independent or freelance paralegals qualified by education, training or work experience who are employed or retained by a lawyer, law office, corporation, governmental agency or other entity who perform specifically delegated substantive legal work for which a lawyer is responsible on an as needed basis with such services being supplied through the use of technology and remote access systems.[9]

- The Virtual Paralegal website (google.com)

  The Virtual Paralegal – Independent Contract Freelance Paralegal Services

  *     *     *

  What is a Virtual Paralegal

  The evolution of technology and the Internet has made it possible for professionals to work from home in what is considered a "virtual office". A virtual paralega[l] is a highly trained independently contracted business owner who is not considered an employee of the law office he or she is performing work for. Virtual paralegals are cost effective since they are only paid for the work they perform. All work is performed virtually by utilizing telephones, fax, email, and other internet established technology, providing the same support to a law office as a regular employee would, but at a lower cost to the law office.[10]

---

[8] November 22, 2016 Office Action (TSDR 5-8).

[9] October 17, 2016 Office Action (TSDR 15-16). In the May 31, 2017 Office Action, the website domain name is virtualparalegaltrainingcenter.com.

[10] October 17, 2016 Office Action (TSDR 17-41 at 24).

- AgileLaw website (agilelaw.com)

  The Pros and Cons of Being a Virtual Paralegal

  \*      \*      \*

  What is a Virtual Paralegal?

  \*      \*      \*

  [A] virtual paralegal is a paralegal who works under the direct supervision of an attorney but she works from her home or another remote location other than the attorney's office. Some virtual paralegals are directly employed by the law firm but works [sic] from home while other virtual paralegals work as independent contractors for one or more attorneys.[11]

- Law Crossing website (lawcrossing.com)

  Get daily email updates for your search:

  "virtual paralegal jobs jobs [sic]".

  \*      \*      \*

  Your search results

  122 jobs found for Virtual Paralegal Jobs.[12]

- Law Crossing website (lawcrossing.com) posted an article entitled "The Virtual Paralegal Allows Paralegals to Work At Home Or Offsite" which described virtual paralegal as "paralegal work online."[13]

- Jobs2Careers website (jobs-to-careers.com)

  Find Your Next Virtual Paralegal Job in Alexandria, VA.

---

[11] July 7, 2016 Office Action (TSDR 12-16).

[12] July 7, 2016 Office Action (TSDR 22-30). Law Crossing is a job listing website.

[13] May 31, 2017 Office Action (TSDR 63).

* * *

1,417 Virtual Paralegal jobs in Alexandria, VA![14]

- Paralegal Alliance website (paralegalalliance.com)

    Virtual Paralegal – Advantages and Disadvantages

    What is a virtual paralegal?

    … [A] virtual paralegal can be defined as a person with formal education and training in the legal systems that assists attorney from a remote location.[15]

- Lawyer-Coach website (lawyer-coach.com)

    Introducing Guest Blogger Cathy Ribble – "Virtual Paralegal Partnerships: What Solo Attorneys Need to Know"

    * * *

    What is a virtual paralegal?

    The virtual paralegal meets the ABA's definition [of a legal assistant or paralegal], but this paralegal is also good at working independently and is tech-savvy when it comes to sharing files and information via the internet. Most virtual paralegals work as independent contractors from a fully equipped home office.[16]

The Examining Attorney and Applicant submitted excerpts from websites (including those referred to above) featuring the use of the term "Independent Paralegal" identifying a class of paralegal who performs clerical work or document preparation without attorney supervision.

---

[14] July 7, 2016 Office Action (TSDR 31-32).

[15] July 7, 2016 Office Action (TSDR 33).

[16] July 7, 2016 Office Action (TSDR 42-45).

- Do It Yourself Documents And Independent Paralegal Services website (google.com)

  To Use a Paralegal or Not?

  \*      \*      \*

  Technically, a 'paralegal' is a trained legal assistant supervised by an attorney. A 'paralegal' who works on their own is called an 'independent paralegal' because they are not supervised by a lawyer.

  Statistics show that in some states about 75% of divorces and 60% of bankruptcies are done without lawyers. Many of these do-it-yourselfers have chosen independent paralegals instead.

  What can an independent paralegal do for you? A paralegal is more than a clerical person. S/he is familiar with local forms, local rules, and has knowledge about local processes.

  An independent paralegal can NOT give you legal advice, represent you in court, or choose your forms for you. Many paralegals also do not file your returns at the court for you or "prepare" your paperwork. Paralegals may avoid these activities in order to protect themselves for being charged with the crime "unauthorized practice of law" (UPL). Instead the paralegal may provide information, perform typing, proofreading, and give other assistance.

  \*      \*      \*

  An independent paralegal is not employed by a law firm or supervised by an attorney. An independent paralegal does not give legal advice or practice law.[17]

- Laws website (paralegal.laws.com)

  Independent Paralegal Role and Responsibility

  The classification of "independent paralegals" is one rarely used today, mainly because it can be overly broad and contradictory, and in some cases it represents a position that in most jurisdictions is illegal to hold. This can have a

---

[17] November 22, 2016 Office Action (TSDR 17-19).

number of different meanings, and therefore, being an independent paralegal can be applied to a number of situations where a more precise classification is required.

In a sense, the term is commonly used in reference to paralegals who work for more than one institution or work on their own. Freelance paralegals represent independent contractors who are signed for a term or duration to a company, firm, or attorney, but do not represent a full time employee. In all instances, they word under the direct supervision of an attorney, and not independently.

The phrase independent paralegal has also been used in reference to individuals who perform legal tasks short of those that can only be performed by a lawyer. Independent paralegals would usually work toward the tending of other services, usually in the capacity of helping individuals who have sought to defend themselves in legal proceedings or who required document processing to be performed on their behalf.

\* \* \*

On the whole, actual independent paralegals are a thing of the past, but the phrase became so ingrained in the lexicon that it is often used as a broader classification for [a] different form of paralegal, and for the time being, the name seems to have stuck.[18]

- Law Crossing website (lawcrossing.com)

  Independent Paralegals Sought By Legal Firms On Contract Basis

  \* \* \*

  "What does it take to be an independent or contract paralegal?" asks Dorothy Secol, a freelancer since 1982, on NJParalegal.com.

  \* \* \*

  The NFPA [National Federation of Paralegal Associations] also identifies the independent paralegal … also called a

---

[18] May 9, 2017 Response to Office Action (TSDR 13-17).

forms practitioner or document preparer. These titles denote a paralegal who does not work under an attorney's supervision and whose work is more often clerical than "legally substantive."[19]

- Bowdry's Independent Paralegal website (bowdrysindependentparalegal.com) advertises its virtual paralegal services.[20]

- LinkedIn website (linkedin.com/title/independent-paralegal/tucson)

    Independent Paralegal – Tucson

    Professionals on LinkedIn

    Alison Torba, CP

    Independent Paralegal

    \*      \*      \*

    Daniel X. Aguilera

    Independent Paralegal at Chainfruit Document Services

    \*      \*      \*

    Dawn Marie AZ Paralegal Plus

    AZ Paralegal Plus, LLC – Virtual Independent Paralegal and Legal Services Provider[21]

- ParalegalEDU.org

    Freelance Paralegal

    \*      \*      \*

---

[19] May 9, 2017 Response to Office Action (TSDR 19-27).

[20] May 31, 2017 Office Action (TSDR 47-50). Bawdry's Independent Paralegal renders its services to law firms or corporations.

[21] July 7, 2016 Office Action (TSDR 20). AZ Paralegal Plus is discussed above because it advertises itself as a "Virtual Independent Paralegal." *See* October 17, 2016 Office Action (TSDR 55).

> Q. What is the difference between a freelance paralegal and an independent paralegal?
>
> Freelance paralegals should not be confused with independent paralegals, as independent paralegals offer services to the public without any attorney representation. In other words, freelance paralegals provide their services to law firms and attorneys, while independent paralegals provide their services to consumers.
>
> Q. What is a virtual paralegal?
>
> Within the popular freelance paralegal profession are virtual paralegals. Virtual paralegals work remotely, providing services to attorneys using software programs and Internet sharing utilities. Virtual paralegals often work from the comfort of their home, providing services to attorneys, regardless of their location.[22]

- Paralegal Alliance website (paralegalalliance.com)

  > Independent or a Freelance Paralegal, Is There a Difference?
  >
  > Legally, there is no difference between an Independent Paralegal and a Freelance Paralegal, as the laws governing the Paralegal, or Legal Assistant, profession make no distinction between job titles, and treat all non-attorney paralegals the same. However, those in the legal profession use the two terms describe very different jobs.
  >
  > Independent Paralegals
  >
  > An independent paralegal is a non-attorney who provides legal document preparation services to the public, and may be referred to as a legal document preparer or forms practitioner. Independent paralegals help their clients save money on legal document preparation when they already know what they want and simply need someone experienced with the Courts and filing pleadings to help them locate the correct forms, fill them out properly, and follow the right procedures for filing or recording the documents. Independent paralegals may prepare

---

[22] July 7, 2016 Office Action (TSDR 37-41).

bankruptcy petitioners, uncontested divorce forms, powers of attorney, deeds, or estate planning and probate documents.

[Illegible portion because of pop-ups][23]

\*　　\*　　\*

Marketing your Services as an Independent Paralegal

As an Independent Paralegal, your target audience is much larger than that of a Freelance Paralegal, who only provides services to attorneys. …

\*　　\*　　\*

Freelance Paralegals

A freelance paralegal provides services to attorneys, and may be called a contract paralegal or freelance legal assistant. Freelance paralegals may prepare any legal document that an attorney could prepare. … Many freelance paralegals specialize in just a few areas of the law, and work only for attorneys who practice in those areas.

\*　　\*　　\*

Marketing your Services as a Freelance Paralegal

Freelance Paralegals' target audience is attorneys … [24]

---

[23] If evidence is not legible, we cannot consider it. *Cf.* Trademark Rule 2.126(a)(2), 37 C.F.R. § 2.126(a)(2) ("Exhibits pertaining to an electronic submission must be made electronically as an attachment to the submission and must be clear and legible."); *Alcatraz Media, Inc. v. Chesapeake Marine Tours, Inc.*, 107 USPQ2d 1750, 1758 (TTAB 2013) (citing *Hard Rock Cafe Licensing Corp. v. Elsea*, 48 USPQ2d 1400, 1404 (TTAB 1998) ("It is reasonable to assume that it is opposer's responsibility to review the documents it submits as evidence to ensure that such submissions meet certain basic requirements, such as that they are legible….")), *aff'd*, 565 F. App'x 900 (Fed. Cir. 2014) (mem.); *Weider Publ'ns, LLC v. D&D Beauty Care Co.*, 109 USPQ2d 1347, 1351 (TTAB 2014) (onus is on party making submissions to ensure that, at a minimum, "all materials are clearly readable by the adverse party and the Board"), *appeal dismissed per stipulation*, No. 14-1461 (Fed. Cir. Oct. 10, 2014). Accordingly, the Board will consider evidence, or a portion of the evidence, only if it is clear and legible.

[24] October 17, 2016 Office Action (TSDR 42-47).

As noted above, VIRTUAL INDEPENDENT PARALEGALS is generic if the consumers who use paralegal services primarily use or understand the term VIRTUAL INDEPENDENT PARALEGALS to refer to a genus, category, or class of services when it is used in connection with "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services." In making this determination, we assess the mark as a whole, taking into account the meaning of the terms that comprise the mark:

> "An inquiry into the public's understanding of a mark requires consideration of the mark as a whole. Even if each of the constituent words in a combination mark is generic, the combination is not generic unless the entire formulation does not add any meaning to the otherwise generic mark." *In re Steelbuilding.com*, 415 F.3d 1293, 1297 [75 USPQ2d 1420, 1421] (Fed. Cir. 2005); *see In re Am. Fertility Soc'y*, 188 F.3d 1341, 1347 [51 USPQ2d 1832, 1837] (Fed. Cir. 1999) ("[I]f the compound word would plainly have no different meaning from its constituent words, and dictionaries, or other evidentiary sources, establish the meaning of those words to be generic, then the compound word too has been proved generic. No additional proof of the genericness of the compound word is required.").

*In re 1800Mattress.com IP LLC*, 92 USPQ2d at 1684.

The term VIRTUAL INDEPENDENT PARALEGALS is indisputably generic. The term VIRTUAL PARALEGAL identifies a class of paralegals who telecommute or work remotely. Because the record clearly shows that the term "Virtual Paralegal" refers to a paralegal who works remotely, we reject Applicant's argument that the term "Virtual" creates an incongruous impression when used in connection with

"Virtual Paralegal" for paralegal services.[25] Also, we reject Applicant's argument that the term "Independent" does not have a clearly defined, specialized meaning when used in connection with "Independent Paralegal."[26] Applicant's arguments fly in the face of the evidence.

The term INDEPENDENT PARALEGAL identifies a class of paralegals who perform clerical work or document preparation without attorney supervision either for themselves or on behalf of an attorney. Combining VIRTUAL PARALEGAL and INDEPENDENT PARALEGAL into VIRTUAL INDEPENDENT PARALEGALS provides no additional or changed meaning. The combination identifies a subclass of paralegals who work remotely without attorney supervision either for themselves or on behalf of an attorney. *See Princeton Vanguard*, 114 USPQ2d at 1832 (a proposed mark is generic if "it can be shown that the 'public understands the individual terms to be generic,' and the joining of those terms into one compound word provides no additional meaning."); *In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110, 1112 (Fed. Cir. 1987) (the words "screen" and "wipe" are "as generic in the compound as individually, and the compound thus created is itself generic."); *In re Mecca Grade Growers, LLC*, 125 USPQ2d 1950, 1959 (TTAB 2018). This is corroborated by two examples of the terms VIRTUAL, INDEPENDENT, and PARALEGAL used in connection with paralegal services, albeit not necessarily in the same order, but engendering the same commercial impression. *Cf. In re Wine Soc'y of Am. Inc.*, 12

---

[25] Applicant's Brief, p. 14 (10 TTABVUE 15).

[26] Applicant's Brief, p. 15 (10 TTABVUE 16).

USPQ2d 1139, 1142 (TTAB 1989) ("where the sole significant difference between marks applied to similar goods or services is the transposition of the words which compose those marks and where the transposition of words does not change the overall commercial impression, confusion has been found."); *Bank of Am. Nat'l Trust and Savings Ass'n. v. Am. Bank of St. Joseph*, 201 USPQ 842, 845 (TTAB 1978) (AMERIBANC and AN AMERICAN BANK is similar to BANKAMERICA and BANK OF AMERICA). The first is The Virtual Paralegal website (thevirtualparalegal.com) which uses the term INDEPENDENT VIRTUAL PARALEGAL.

> Are you looking to contract or freelance out your legal work?
>
> An **independent virtual paralegal** can help.
>
> Tired of spending too much money to hire an "employee" to do the work, or hiring temporary help with little or no office or legal experience? You may want to consider contracting with an independent freelance virtual paralegal. Contracting an independent freelance virtual paralegal is a less expensive alternative to hiring or using a temporary service to prepare legal documents, perform legal research, and other office duties.
>
> What we can do for you.
>
> An independent freelance virtual paralegal can perform any office administration duties, including … prepare legal documents for court filing … trial preparation … summarize medical records and deposition.[27] (emphasis added.)

The second example is AZ Paralegal Plus, featured on the YELP.com website, which uses the term VIRTUAL INDEPENDENT PARALEGAL.[28] In the YELP.com

---

[27] July 7, 2016 Office Action (TSDR 17-19).

[28] October 17, 2016 Office Action (TSDR 55).

website, AZ Paralegal Plus identified itself as offering "Virtual Independent Paralegal and Legal Document Preparation Services."[29]

Thus, the record shows that VIRTUAL INDEPENDENT PARALEGALS will be used by competitors and understood by the relevant public primarily as referring to the class of paralegals who work remotely without attorney supervision either for themselves or on behalf of an attorney.

Applicant contends that because third parties have used "Virtual" as a source identifier, VIRTUAL INDEPENDENT PARALEGALS is not generic. Applicant points out that The Virtual Paralegal uses the term "Virtual" as part of its trade name and, thus, as a source identifier. However, as noted directly above, The Virtual Paralegal also uses the term "Virtual Paralegal" as a generic term. Also, Applicant points to Principal Register Registration No. 4138120 for the mark VPS VIRTUAL PARALEGAL SERVICES for "paralegal services."[30] Registrant disclaimed the exclusive right to use the term "Paralegal Services." However, one prior registration, consisting in part of the word "Virtual" without a disclaimer, does not rebut our

---

[29] *Id.* at TSDR 56.

A third company, Mountainside Paralegal Services, LLC (mountainsidepsaz.com), invites the public to "[c]ome see the difference a virtual/independent paralegal can make for your practice." *Id.* at 52. However, in the context of its website, Mountainside Paralegal Services uses "independent paralegal" to mean "working for oneself" as opposed to without attorney supervision. The alternative definition of "independent" is from Dictionary.com based on the RANDOM HOUSE UNABRIDGED DICTIONARY (2018). The Board may take judicial notice of dictionary definitions, including online dictionaries that exist in printed format. *In re Cordua Rests. LP*, 110 USPQ2d 1227, 1229 n.4 (TTAB 2014), *aff'd*, 823 F.3d 594, 118 USPQ2d 1632 (Fed. Cir. 2016); *Threshold.TV Inc. v. Metronome Enters. Inc.*, 96 USPQ2d 1031, 1038 n.14 (TTAB 2010); *In re Red Bull GmbH*, 78 USPQ2d 1375, 1378 (TTAB 2006).

[30] July 7, 2016 Office Action (TSDR 7).

finding that VIRTUAL INDEPENDENT PARALEGALS is generic. As has often been said, we must decide each case on its own merits and on its unique evidentiary record, and we therefore are not bound by the USPTO's allowance of a prior registration. *In re Nett Designs Inc.*, 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001). Moreover, this registration was cancelled on December 14, 2018. A cancelled registration is not evidence of any existing rights in the mark. *See Action Temp. Servs. v. Labor Force*, 870 F.2d 1563, 10 USPQ2d 1307, 1309 (Fed. Cir. 1989). Finally, terms that might not have been considered generic in 2012 may be considered generic now due to the frequency of use, as demonstrated above. *See In re Thunderbird Prods.*, 406 F.2d 1389, 160 USPQ 730, 732 (CCPA 1969).

In view of the foregoing, we find that the term VIRTUAL INDEPENDENT PARALEGALS is generic for "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services."

For completeness we consider the alternative refusal whether the merely descriptive term VIRTUAL INDEPENDENT PARALEGALS for "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services" has acquired distinctiveness.

III. Whether VIRTUAL INDEPENDENT PARALEGALS for "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services" has acquired distinctiveness?

In its October 31, 2016 Response to an Office Action, Applicant claimed that its mark had acquired distinctiveness by virtue of Applicant's substantially and exclusive use of VIRTUAL INDEPENDENT PARALEGALS in connection with the

identified services for at least five years.[31] Thus, Applicant concedes that VIRTUAL INDEPENDENT PARALEGALS is merely descriptive. *See Cold War Museum, Inc. v. Cold War Air Museum, Inc.*, 586 F.3d 1352, 92 USPQ2d 1626, 1629 (Fed. Cir. 2009) ("Where an applicant seeks registration on the basis of Section 2(f), the mark's descriptiveness is a nonissue; an applicant's reliance on Section 2(f) during prosecution presumes that the mark is descriptive."); *Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1577, 6 USPQ2d 1001, 1005 (Fed. Cir. 1988); *In re Am. Furniture Warehouse Co.*, 126 USPQ2d 1400, 1403 (TTAB 2018) (noting that a claim of acquired distinctiveness by applicant to overcome a refusal in a prior registration for the same wording in connection with same services "can be viewed as a concession by Applicant that the wording itself is not inherently distinctive for those services").

Under Section 2(f) of the Trademark Act, matter that is merely descriptive under Section 2(e)(1) may nonetheless be registered on the Principal Register if it "has become distinctive of the applicant's goods [or services] in commerce." Thus, the proposed mark may be registered on the Principal Register if Applicant proves that the merely descriptive matter has acquired distinctiveness (also known as "secondary meaning") as used in connection with the Applicant's services in commerce. *See Coach Servs. Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1728-30 (Fed. Cir. 2012); *Apollo Med. Extrusion Techs., Inc. v. Med. Extrusion Techs., Inc.*, 123 USPQ2d 1844, 1848 (TTAB 2017). Acquired distinctiveness is generally understood to mean an acquired "mental association in buyers' minds between the

---

[31] October 31, 2016 Response to Office Action (TSDR 1, 2).

alleged mark and a single source of the product." *Apollo Med. Extrusion Techs.*, 123 USPQ2d at 1848 (quoting 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 15:5 (4th ed., June 2017 Update)). In this regard, in analyzing above whether VIRTUAL INDEPENDENT PARALEGALS is a generic term, we considered all of the evidence touching on the public perception of that term.

An applicant seeking registration of a mark under Section 2(f) bears the ultimate burden of establishing acquired distinctiveness. *In re La. Fish Fry Prods., Ltd.*, 797 F.3d 1332, 1335, 116 USPQ2d 1262, 1264 (Fed. Cir. 2015) ("The applicant … bears the burden of proving acquired distinctiveness.") (citation omitted).

### A. Degree of Descriptiveness

The initial question before us in our analysis of whether VIRTUAL INDEPENDENT PARALEGALS has acquired distinctiveness is the degree of descriptiveness of that term as used in connection with Applicant's services. *See Royal Crown Cola*, 127 USPQ2d at 1048 ("the Board must make an express finding regarding the degree of the mark's descriptiveness on the scale ranging from generic to merely descriptive, and it must explain how its assessment of the evidentiary record reflects that finding."); *Nazon v. Ghiorse*, 119 USPQ2d 1178, 1187 (TTAB 2016). "[A]pplicant's burden of showing acquired distinctiveness increases with the level of descriptiveness; a more descriptive term requires more evidence of secondary meaning." *Steelbuilding.com*, 75 USPQ2d at 1424. at 1006. As the Board has explained:

> [T]he greater the degree of descriptiveness, the greater the
> evidentiary burden on the user to establish acquired

distinctiveness. The sufficiency of the evidence offered to prove acquired distinctiveness should be evaluated in light of the nature of the designation. Highly descriptive terms, for example, are less likely to be perceived as trademarks and more likely to be useful to competing sellers than are less descriptive terms. More substantial evidence of acquired distinctiveness thus will ordinarily be required to establish that such terms truly function as source-indicators.

*In re Greenliant Sys. Ltd.*, 97 USPQ2d 1078, 1085 (TTAB 2010) (internal citations omitted); *see also La. Fish Fry Prods.*, 116 USPQ2d at 1265 (Board has discretion not to accept an applicant's allegation of five years of substantially exclusive and continuous use as prima facie evidence of acquired distinctiveness when the proposed mark is "highly descriptive"); *In re Boston Beer Co. L.P.*, 198 F.3d 1370, 53 USPQ2d 1056, 1058 (Fed. Cir. 1999) ("[C]onsidering the highly descriptive nature of the proposed mark, [Applicant] has not met its burden to show that the proposed mark has acquired secondary meaning.").

Based on the evidence discussed above in connection with the genericness refusal, we find that each of the terms comprising Applicant's mark, "Virtual," "Independent," and "Paralegals" is highly descriptive of "paralegal services; providing medical record summaries, deposition summaries and document review; litigation support services." Moreover, when combined, the composite proposed mark VIRTUAL INDEPENDENT PARALEGALS is, at the very least, highly descriptive of those services. *See, e.g., Real Foods Pty Ltd. V. Frito-Lay N. Am., Inc.*, 906 F.3d 965, 128 USPQ2d 1370, 1374 (Fed. Cir. 2018) (CORN THINS and RICE THINS are highly descriptive); *La. Fish Fry Prods., Ltd.*, 116 USPQ2d at 1265*; Apollo Med. Extrusion Techs.*, 123 USPQ2d at 1851 (MEDICAL EXTRUSION TECHNOLOGIES is highly descriptive of

"polyurethanes in the form of sheets, films, pellets, granules, and tubes for use in the manufacture of medical devices, medical diagnostic devices, artificial vascular grafts, stents, pacemaker leads, artificial heart pump diaphragms, catheters, drug delivery devices, orthopedic and spinal implants, blood glucose monitors, and blood gas analyzers"); *In re Positec Grp. Ltd.*, 108 USPQ2d 1161, 1173 (TTAB 2013) (holding SUPERJAWS merely descriptive for tools). Clearly, no thought or imagination is required to immediately understand that paralegal services rendered under the mark VIRTUAL INDEPENDENT PARALEGALS are just that, services rendered by paralegals who perform clerical work or document preparation virtually and independently.

Accordingly, Applicant's proposed mark VIRTUAL INDEPENDENT PARALEGALS is highly descriptive of Applicant's services under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1).

B. Acquired Distinctiveness

Because we have found that the term VIRTUAL INDEPENDENT PARALEGALS is highly descriptive of Applicant's services, Applicant's burden of establishing acquired distinctiveness under Section 2(f) is commensurately high. *See Steelbuilding.com*, 75 USPQ2d at 1424; *In re Bongrain Int'l Corp.*, 894 F.2d 1316, 13 USPQ2d 1727, 1729 (Fed. Cir. 1990); *In re LC Trademarks, Inc.*, 121 USPQ2d 1197, 1199 (TTAB 2016); *In re Greenliant Sys. Ltd.*, 97 USPQ2d at 1085.

"To show that a mark has acquired distinctiveness, an applicant must demonstrate that the relevant public understands the primary significance of the

mark as identifying the source of a product or service rather than the product or service itself." *Steelbuilding.com*, 75 USPQ2d at 1422; *see also Coach Servs.*, 101 USPQ2d at 1729. Our ultimate Section 2(f) analysis and determination in this case is based on all of the evidence considered as a whole.

> The considerations to be assessed in determining whether a mark has acquired secondary meaning can be described by the following six factors: (1) association of the trade[mark] with a particular source by actual purchasers (typically measured by customer surveys); (2) length, degree, and exclusivity of use; (3) amount and manner of advertising; (4) amount of sales and number of customers; (5) intentional copying; and (6) unsolicited media coverage of the product embodying the mark. … All six factors are to be weighed together in determining the existence of secondary meaning.

*In re Snowizard, Inc.*, 129 USPQ2d 1001, 1005 (TTAB 2018) (quoting *Converse, Inc. v. Int'l Trade Comm'n*, 907 F.3d 1361, 128 USPQ2d 1538, 1546 (Fed. Cir. 2018)). *See also Steelbuilding.com*, 75 USPQ2d at 1424; *Cicena Ltd. v. Columbia Telecomms. Grp.*, 900 F.2d 1546, 14 USPQ2d 1401, 1406 (Fed. Cir. 1990). On this list, no single fact is determinative. *In re Tires, Tires, Tires Inc.*, 94 USPQ2d 1153, 1157 (TTAB 2009); *see also In re Ennco Display Sys. Inc.*, 56 USPQ2d 1279, 1283 (TTAB 2000) ("Direct evidence [of acquired distinctiveness] includes actual testimony, declarations or surveys of consumers as to their state of mind. Circumstantial evidence, on the other hand, is evidence from which consumer association might be inferred, such as years of use, extensive amount of sales and advertising, and any similar evidence showing wide exposure of the mark to consumers.").

In this appeal, the only evidence that VIRTUAL INDEPENDENT PARALEGALS has acquired distinctiveness is Applicant's claim that its use of that term has been

substantially exclusive and continuous for the last five years. Because, for purposes of this section, we are assuming that VIRTUAL INDEPENDENT PARALEGALS – which we found to be generic – is, at very best, highly descriptive, we find that five years of substantially exclusive and continuous use is not sufficient to prove that VIRTUAL INDEPENDENT PARALEGALS has acquired distinctiveness. *See La. Fish Fry Prods.*, 116 USPQ2d at 1265 (Board has discretion not to accept an applicant's allegation of five years of substantially exclusive and continuous use as prima facie evidence of acquired distinctiveness when the proposed mark is "highly descriptive"); *see also Real Foods Pty v. Frito-Lay N. Am.*, 128 USPQ2d at 1378 ("while evidence of substantially exclusive and continuous use *may* be sufficient to prove a prima facie case of acquired distinctiveness, this is not always the case. … 'Particularly for a mark that is … highly descriptive like [Real Foods' proposed marks], the [TTAB] was within its discretion not to accept [Real Foods'] alleged five years of substantially exclusive and continuous use as prima facie evidence of acquired distinctiveness.'") (internal citations omitted).

Thus, the record falls short of establishing acquired distinctiveness.

In view of the foregoing, Applicant has failed to meet its burden of showing that the highly descriptive term VIRTUAL INDEPENDENT PARALEGALS has acquired distinctiveness.

**Decision**: The refusal to register the designation VIRTUAL INDEPENDENT PARALEGALS on the ground that it is generic is affirmed and the refusal to register

that designation on the ground that it is merely descriptive and has not acquired distinctiveness is also affirmed.